**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDAR Y. ROGLER,

      Plaintiff-Appellant,

v.

STANDARD INSURANCE
COMPANY,

      Defendant-Appellee.

No. 01-3157
(D.C. No. 00-CV-2104-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Edar Y. Rogler is appealing, *inter alia* , the order entered by the district court granting defendant Standard Insurance Company's (Standard)

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion to enforce settlement agreement and denying her motions for sanctions against Standard and its counsel. We affirm.

I.

Standard issued a disability insurance policy to Ms. Rogler in 1993. At the time, Ms. Rogler was working as an attorney in California. In October 1994, Ms. Rogler submitted a claim for disability benefits to Standard, and Standard accepted the claim and began paying benefits to her in February 1995. In July 1997, Standard closed Ms. Rogler's claim and terminated benefits. According to Standard's termination letter, it terminated benefits because: (1) Ms. Rogler failed to execute proper authorization forms for the release of medical records so that Standard could continue to evaluate whether she was disabled; and (2) at the request of Standard, Ms. Rogler underwent a neuropsychological evaluation in December 1996, and the doctor who performed the evaluation concluded that she was able to return to work as an attorney and that there was no reasonable basis to support a disability claim.

Standard's quality assurance unit subsequently reviewed the termination of Ms. Rogler's benefits, and it concluded that Standard made the correct decision in closing her claim. In a letter to Ms. Rogler dated December 8, 1997, Standard advised Ms. Rogler of the quality assurance review and informed her that: (1) the medical information in her file indicated that she was capable of working as an

attorney; and (2) her refusal to provide proper authorization forms had affected Standard's ability to properly administer her claim. Standard also informed Ms. Rogler that there were material omissions in her policy application concerning her past medical history, and Standard listed the prior medical conditions which Ms. Rogler had allegedly failed to disclose in the letter.

In June 1999, Ms. Rogler filed suit against Standard in a Kansas state court, and Standard removed the case to the United States District Court for the District of Kansas. In her first amended complaint, Ms. Rogler claimed that Standard wrongfully terminated her benefits and she asserted claims for breach of contract, attorney's fees, and interest. In its answer to the first amended complaint, Standard denied it wrongfully terminated Ms. Rogler's benefits, and it asserted a number of affirmative defenses, including the defense that Ms. Rogler's "application for the Policy contain[ed] material misstatements that would provide the basis to void the Policy and/or to deny plaintiff's claim for benefits." *See* R., Doc. No. 23 at 3, ¶ 17.

Ms. Rogler subsequently filed a motion for leave to file a second amended complaint. In her second amended complaint, Ms. Rogler added claims against Standard for bad faith and punitive damages, alleging that Standard engaged in a number of abusive and coercive practices in administering and terminating her

benefits. The district court denied Ms. Rogler's motion for leave on the grounds that she unduly delayed in requesting the amendment. [1]

The district court scheduled a settlement conference for September 1, 2000. In the confidential settlement statement he submitted to the court, counsel for Standard, Morris J. Nunn, stated that Ms. Rogler was not disabled from working as an attorney. Mr. Nunn also stated that Ms. Rogler made misrepresentations in her policy application concerning her pre-existing medical conditions. In support of Standard's settlement statement, Mr. Nunn submitted the letter from Standard to Ms. Rogler dated December 8, 1997, which is referred to above.

Ms. Rogler and Standard agreed to a settlement at the settlement conference. However, Ms. Rogler subsequently failed to execute the written settlement agreement which Mr. Nunn forwarded to her, and Mr. Nunn filed a motion to enforce the settlement agreement. A hearing on the motion was held before the magistrate judge on September 29, 2000. At the hearing, Ms. Rogler and Mr. Nunn prepared and executed a written settlement agreement. According to the terms of the agreement, the parties agreed to settle all claims relating to Ms. Rogler's disability policy. The parties further agreed that the policy was thereafter void, and Ms. Rogler released Standard from all claims relating to the

---

[1] Specifically, Ms. Rogler did not file her motion for leave to file her second amended complaint until one month after the deadline set by the district court for amending pleadings.

policy, including all claims for past or future disability benefits. Ms. Rogler also agreed to sign a stipulation of dismissal with prejudice. [2] At the hearing on September 29, Standard submitted separate settlement checks to Ms. Rogler and her counsel, and both checks were subsequently negotiated. [3]

Ms. Rogler subsequently refused to sign a stipulation of dismissal. After being informed of this fact, the district court ordered Ms. Rogler to appear at a hearing on November 20, 2000 to show cause as to why Standard's previously-filed motion to enforce the settlement agreement should not be granted. At the hearing, Ms. Rogler informed the court that she was not objecting to the settlement agreement the parties executed. Nonetheless, she requested additional time to respond to Standard's motion to enforce the agreement, and the court granted her request.

Ms. Rogler subsequently filed numerous pleadings and declarations in the district court, and her filings clearly indicated that she was in fact seeking to void

---

[2] The settlement agreement also contains a confidentiality provision, and Ms. Rogler claims that Standard and Mr. Nunn have violated the confidentiality provision by disclosing certain terms of the agreement in the proceedings before the district court and this court. We note, however, that the confidentiality provision only bars Ms. Rogler from disclosing the terms of the settlement agreement and Standard is not subject to such a restriction.

[3] Prior to the hearing on September 29, Ms. Rogler had instructed her attorney to withdraw from the case, and the magistrate judge entered an order on September 29 permitting her counsel to withdraw. Thereafter, Ms. Rogler represented herself before the district court and she has continued to proceed *pro se* on appeal.

the settlement agreement.  In particular, she filed a brief in opposition to Standard's motion to enforce the settlement agreement and motions for sanctions against Standard and Mr. Nunn pursuant to the inherent power of the court and Fed. R. Civ. P. 11.  On April 13, 2001, the district court held an evidentiary hearing on these motions.  At the conclusion of the hearing, the court granted Standard's motion to enforce the settlement agreement and denied Ms. Rogler's motions for sanctions, and the court entered an order confirming these and other rulings on April 20, 2001.  Ms. Rogler is now appealing all of the rulings in the district court's April 20 order that were adverse to her.  She is also appealing the district court's order denying her motion for leave to file her second amended complaint.

II.

A.  Motion to Enforce Settlement Agreement

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."  *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993).  We review the district court's order enforcing the settlement agreement for an abuse of discretion.  *See id.* at 1495.

Issues involving the enforceability of a settlement agreement are resolved by applying state law.  *See United States v. McCall*, 235 F.3d 1211, 1215

-6-

(10th Cir. 2000). Under Kansas law, "in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." *Krantz v. Univ. of Kan.*, 21 P.3d 561, 567 (Kan. 2001). Similarly, a "mere mistake of fact on the part of one of the parties to a release, in the absence of fraud, duress, undue influence, or mental incapacity, is not sufficient ground for the avoidance of a release." *Fieser v. Stinnett*, 509 P.2d 1156, 1160-61 (Kan. 1973).

The district court did not specifically address whether the settlement agreement could be set aside on any specific grounds. Instead, it granted Standard's motion to enforce the agreement because it found that the agreement was fair and reasonable; that Ms. Rogler understood the terms of the agreement at the time she entered into it; and that she accepted the benefits of the agreement by negotiating her settlement check. We agree with the district court's analysis, and we hold that Ms. Rogler has failed to establish sufficient grounds for setting aside the settlement agreement.

The misconduct alleged by Ms. Rogler must be broken into pre- and post-litigation conduct. With respect to pre-litigation, Ms. Rogler alleges that Standard acted fraudulently and in bad faith in terminating her disability benefits because it made misrepresentations regarding the acceptance and contestibility of her claim and falsely claimed she made misrepresentations in her policy

application.  Ms. Rogler also alleges that an agent of Standard threatened to release her medical records to the public if she pursued litigation against Standard, and, further, that an agent of Standard burglarized her office and removed certain documents from her copy of Standard's claim file.  With respect to post-litigation, Ms. Rogler alleges that Mr. Nunn asserted a false affirmative defense that she made misrepresentations in her policy application as part of a preconceived plan to intimidate and coerce her into settling by making her prior medical records admissible if her case went to trial.  According to Ms. Rogler, Mr. Nunn then made an implicit threat to release her medical records into the public records of the district court if she did not settle by disclosing her prior medical history in the confidential settlement statement.

We are not persuaded by Ms. Rogler's arguments.  First, the alleged pre-litigation conduct is what formed the basis of Ms. Rogler's substantive claims against Standard, and she cannot rely on these very same claims to attack the settlement agreement.  Second, with respect to the alleged post-litigation conduct, the district court correctly found that the denials and affirmative defenses in Standard's answer were warranted based on the evidence in Standard's claim file, and we see nothing in Standard's answer that calls into question the validity of the settlement agreement.  Further, there is no evidence that Standard or Mr. Nunn ever threatened to publically release Ms. Rogler's medical records after

she filed litigation, and we will not infer such a threat based solely on the contents of the confidential settlement statement. Accordingly, the district court did not abuse its discretion in enforcing the settlement agreement. [4]

B. Inherent Power Sanctions

The district court denied Ms. Rogler's request for sanctions pursuant to its inherent power because it found that she did not meet her burden of proving that Standard acted in bad faith. We review the district court's decision not to impose sanctions pursuant to its inherent power for an abuse of discretion. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 55 (1991).

It is well established that a federal district court has the inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (quotations omitted). However, this power only extends to "bad faith conduct *in litigation* ." *Morganroth & Morganroth v. DeLorean* , 213 F.3d 1301, 1317 (10th Cir. 2000) (emphasis in original). [5] As set forth above, the record does not support Ms. Rogler's claim

---

[4] Ms. Rogler also alleges that the settlement agreement violated the public policy of Kansas and California because it required her to surrender all of her rights under the policy. Ms. Rogler has put forth no legal authority in support of this argument, and we reject it because the provision in the settlement agreement voiding Ms. Rogler's disability policy is a reasonable provision given the lump sum nature of the settlement.

[5] This result could be different in a diversity case such as this one if there is an underlying substantive state-law policy allowing sanctions based on

(continued...)

that Standard and Mr. Nunn acted in bad faith or otherwise improperly during the course of the litigation before the district court. We therefore hold that the district court did not abuse its discretion in denying her motion for inherent power sanctions.

C. Rule 11 Sanctions

The district court denied Ms. Rogler's Rule 11 motion because it found that Mr. Nunn performed a reasonable investigation before filing an answer on behalf of Standard and that the defenses and factual denials he included in the answer were supported by the evidence. The court also found that Standard did not violate Rule 11. We review the district court's decision not to impose sanctions under Rule 11 for an abuse of discretion. *See Hughes v. City of Fort Collins*, 926 F.2d 986, 988 (10th Cir. 1991) (quotation omitted).

Rule 11 only applies to the presentation of "pleading[s], written motion[s], or other paper[s]" to the court. Fed. R. Civ. P. 11(b). Ms. Rogler's Rule 11 motion must therefore be limited to her claims that Standard and Mr. Nunn:

---

[5](...continued)
pre-litigation conduct. *See Morganroth*, 213 F.3d at 1317-18. However, we have not found any Kansas case law indicating that Kansas recognizes such a substantive policy, and we predict that the Kansas Supreme Court would follow the weight of federal authority and hold that a court's inherent power to award attorney's fees for bad faith conduct is limited to conduct occurring during litigation. *Cf. Richards v. Bryan*, 879 P.2d 638, 649 (Kan. Ct. App. 1994) (noting that "it is well settled that trial courts have inherent power to impose sanctions for *litigation* misconduct") (emphasis added).

(1) wrongfully denied liability and asserted a false affirmative defense in Standard's answer; and (2) submitted documents referring to her prior medical history as part of Standard's confidential settlement statement for the improper purpose of coercing her into settling.

Neither Standard's answer nor its confidential settlement statement provide a basis for imposing Rule 11 sanctions. Most importantly, it is undisputed that there was medical evidence in Standard's claim file indicating that Ms. Rogler was capable of working as an attorney and that she failed to disclose certain prior medical conditions in her policy application. As a result, the district court did not abuse its discretion in denying Ms. Rogler's motion for Rule 11 sanctions.

D.  Other Rulings of the District Court

We hold that the district court did not abuse its discretion in denying Ms. Rogler's motion for leave to file her second amended complaint. Because the settlement agreement prohibits Standard from disclosing any medical records or reports concerning Ms. Rogler, we also hold that the district court properly denied Ms. Rogler's motion for a protective order. All of the other issues raised on appeal by Ms. Rogler are moot.

The orders of the United States District Court for the District of Kansas are AFFIRMED. [6]

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[6]      With respect to the motions pending on appeal, we deny Ms. Rogler's motion to strike Standard's response brief and Standard's related motion for an award of costs and attorney's fees. We grant Ms. Rogler's motion to submit Standard's confidential settlement statement and quality assurance review under seal, and the record on appeal is supplemented with the sealed documents.