■ BRUCKMANN, ROSSER, SHERRILL & Co., L.P., et al., Appellants-Respondents, v MARSH USA, INC., et al., Respondents-Appellants. [885 NYS2d 276]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 19, 2008, which granted defendants' motion for summary judgment dismissing the complaint, modified, on the law, to reinstate the causes of action for negligence and breach of contract, and otherwise affirmed, without costs.

The second cause of action for breach of contract should be reinstated. "Under New York law, a party who has engaged a person to act as an insurance broker to procure adequate insurance is entitled to recover damages from the broker if the policy obtained does not cover a loss for which the broker contracted to provide insurance, and the insurance company refuses to cover the loss" (*Long Is. Light. Co. v Steel Derrick Barge "FSC 99"*, 725 F2d 839, 841 [2d Cir 1984]; *Landusky v Beirne*, 80 App Div 272 [1903], *affd* 178 NY 551 [1904]). Plaintiffs' settlement of their underlying claim against the insurer, under circumstances in which the merits of the claim for coverage were equivocal, did not break the chain of proximate causation with respect to their claim against their broker for failure to procure appropriate coverage (*see Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1990]). *Resource Fin. v National Cas. Co.* (219 AD2d 627 [1995]), upon which the motion court relied, is distinguishable because the insured there settled its claim against the insurer despite having prevailed against the insurer on the underlying coverage issue.

An insurance agent or broker can be held liable in negligence if he or she fails to exercise due care in an insurance brokerage transaction. Thus, a plaintiff may seek to hold a defendant broker liable under a theory of either negligence or breach of contract (*Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc.*, 45 AD3d 792, 793-794 [2007]; *see also Hersch v DeWitt Stern Group, Inc.*, 43 AD3d 644, 644-645 [2007]; *Katz v Tower Ins. Co. of N.Y.*, 34 AD3d 432 [2006]). On this appeal, defendants did not argue that the negligence claim should be dismissed as duplicative of the breach of contract claim, and it is clear that plaintiffs allege a breach of duty independent of the contract itself. Specifically, plaintiffs maintain that defendants' failure to exercise due care is shown, inter alia, by their failure to include in the binder a reference to the tie-in provision and to timely review the draft policy and alert plaintiffs to the potential for a reduction in the limits of liability. Thus, the first cause of action for negligence should be reinstated.

The third and fourth causes of action for breach of the duty of loyalty and breach of fiduciary duty were properly dismissed. What is involved here is a dispute between insureds and their broker over whether the broker failed to obtain coverage

requested and whether the broker is liable for damages as a result of that failure. "[T]he law is reasonably settled . . . that insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage" (*Murphy v Kuhn*, 90 NY2d 266, 270 [1997]). Thus, absent a special relationship, a claim for breach of fiduciary duty does not lie (*see e.g. People v Liberty Mut. Ins. Co.*, 52 AD3d 378, 380 [2008]; *Sutton Park Dev. Corp. Trading Co. v Guerin & Guerin Agency*, 297 AD2d 430, 431-432 [2002]). Punitive damages are not available, since they are not recoverable for an ordinary breach of contract (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]) or for ordinary negligence (*Munoz v Puretz*, 301 AD2d 382, 384 [2003]). Concur— Catterson, Renwick and Richter, JJ.

Tom, J.P., and Nardelli, J., dissent in part in a memorandum by Nardelli, J., as follows: I agree with the majority that the cause of action for breach of contract should be reinstated and that the causes of action for breach of the duty of loyalty and breach of fiduciary duty should not. I respectfully dissent, however, from the majority's determination to reinstate the first cause of action for negligence, which I view as duplicative of the cause of action for breach of contract.

I recognize, as the majority observes, that an aggrieved client can proceed against a broker in negligence or contract. I do not believe, however, that, in the circumstances presented, plaintiffs can proceed simultaneously under both contract and negligence. "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]). "This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract" (*Teller v Bill Hayes, Ltd.*, 213 AD2d 141, 144 [1995], *lv dismissed in part and denied in part* 87 NY2d 937 [1996]).

The majority concludes that the failure to include in the binder a reference to the tie-in provision, or to conduct a review of the insurance policy issued, constitutes the breach of duties independent of the original contract to obtain insurance. I submit, respectfully, that these claims of negligence duplicate the contractual claims. Defendant brokers were retained to obtain specified insurance, and apparently failed to do so. That the appropriate coverage was not obtained because defendants failed to read the terms of the policy which was procured is ir-

relevant—plaintiffs did not get the coverage requested. The proof that defendants breached the contract to procure specific coverage will track the proof that they were negligent in performing their duties to procure that coverage.

Thus, since plaintiffs can be made whole by proof that defendants breached their contract to obtain the requisite insurance, I believe that only the second cause of action need, or should be, reinstated. [*See* 2008 NY Slip Op 33410(U).]