WILSON MUTUAL INSURANCE COMPANY,
Plaintiff-Appellant,

v.

Daryl RISLER, Defendant-Respondent,

Taylor RISLER, a minor, Amy Norby, as the Special Administrator of the Estate of Jamie L. McKillip, Patrick McKillip, Benjamin B. Froehlich, Tonette Froehlich and Jacob T. Froehlich, Defendants,

Paul OWENS, Anthony Owens and Jacob Teigen, a minor, by his Guardian ad Litem, Steven G. Danielson, Mike Teigen and Laura Teigen, Defendants-Third-Party Plaintiffs-Respondents,†

v.

KEES FARMS, LLC, Rural Mutual Insurance Company, ABC Insurance Company and DEF Insurance Company, Third-Party Defendants,

GEICO INDEMNITY COMPANY,
Third-Party Defendant-Respondent.

Court of Appeals

*No. 2010AP1573. Submitted on briefs February 10, 2011.*
*—Decided April 13, 2011.*

2011 WI App 70

(Also reported in 798 N.W.2d 898.)

† Petition for Review Filed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Terri L. Weber* and *Justin F. Wallace* of *Nash, Spindler, Grimstad & McCracken, LLP*, Manitowoc.

On behalf of the defendants-third-party-plaintiffs-respondents, Paul Owens and Anthony Owens, the cause was submitted on the brief of *Thomas J. Graham, Jr.* and *Ryan J. Steffes* of *Weld, Riley, Prenn & Ricci, S.C.*, Eau Claire.

On behalf of the third-party-defendant-respondent, Geico Indemnity Company, the cause was submitted on

the brief of *John R. Crawford* of *Johnson & Lindberg, P.A.*, Bloomington, Minnesota.

On behalf of the defendants-third-party-plaintiffs-respondents, Mike Teigen, Laura Teigen and Jacob Teigen, the cause was submitted on the brief of *Scott Winston* of *Guelzow & Winston, LTD*, Eau Claire.

Before Brown, C.J., Anderson and Reilly, JJ.

¶ 1. REILLY, J. Wilson Mutual Insurance Company appeals from an order of the circuit court denying Wilson Mutual's motion for declaratory judgment. The dispute in this appeal is whether Daryl Risler's umbrella policy with Wilson Mutual was in effect the night of August 31, 2008, when Risler's son was involved in a car accident.

¶ 2. Risler did not pay the renewal premium on his umbrella policy and the policy therefore expired on May 29, 2007. Wilson Mutual, however, failed to provide Risler with the required statutory and contractual notice that the umbrella policy would expire on May 29, 2007, if Risler did not pay a renewal premium. The circuit court ruled that the umbrella policy was still in effect on the date of the accident as Wilson Mutual did not provide the required notice to Risler that his umbrella policy was not being renewed. Wilson Mutual concedes that it did not provide the required notice, but argues that the proper remedy for its violation of WIS. STAT. § 631.36(4)(a) (2009–10)[1] and the terms of the policy is to allow Risler to renew his policy for the length of the expiring term—in this case, one year. As the accident occurred more than one year after Risler's umbrella policy expired, Wilson Mutual argues that no umbrella coverage existed.

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

¶ 3. We hold that neither a violation of Wis. Stat. § 631.36(4)(a) nor the contractual language at issue results in a perpetual term of coverage for an insured. The proper remedy for a violation of § 631.36(4)(a) and the terms of the policy is to allow the insured the opportunity to renew the policy for a length of time equal to the length of the expiring term.[2] Risler's umbrella policy was for a one-year term; therefore, Risler's ability to renew his policy based upon Wilson Mutual's failure to give the required notice expired on May 29, 2008. As the car accident occurred more than one year after Risler's umbrella policy expired, Risler had no right to renew the policy. The order of the circuit court denying Wilson Mutual's request for declaratory judgment is reversed.

## FACTS

¶ 4. On August 31, 2008, Jacob Froehlich and Daryl Risler's son Taylor were involved in an automobile accident. Anthony Owens and Jacob Teigen were passengers in the vehicle that Taylor Risler was driving, and Jamie McKillip was a passenger in the vehicle Froehlich was driving. As a result of the accident, Owens, Teigen, and Froehlich were injured, while McKillip was killed. After the accident, Wilson Mutual paid out the limits of Risler's automobile insurance policy for the individual claims of Teigen, Froehlich, Owens, and McKillip's estate. The only remaining dispute was whether an umbrella policy that Risler had with Wilson Mutual was in effect at the time of the accident.

¶ 5. Wilson Mutual issued Risler three consecutive one-year umbrella insurance policies from May 29,

---

[2] But the length of time may not exceed one year. *See* Wis. Stat. § 631.36(4)(a).

2004 to May 29, 2007. The last umbrella policy expired on May 29, 2007, as Risler did not pay a premium to renew the policy. Wilson Mutual, however, failed to send Risler a notice stating that the umbrella policy would not be renewed if Risler did not pay his renewal premium, nor did it notify Risler that his policy was not being renewed, as required by WIS. STAT. § 631.36(4)(a).[3] Section 631.36(4)(a) provides:

> [A] policyholder has a right to have the policy renewed, on the terms then being applied by the insurer to similar risks, for an additional period of time equivalent to the expiring term if the agreed term is one year or less, or for one year if the agreed term is longer than one year, unless at least 60 days prior to the date of expiration provided in the policy a notice of intention not to renew the policy beyond the agreed expiration date is mailed or delivered to the policyholder, or with respect to failure timely to pay a renewal premium a notice is given, not more than 75 days nor less than 10 days prior to the due date of the premium, which states clearly the effect of nonpayment of premium by the due date.

Additionally, Wilson Mutual's umbrella policy stated that "[w]e may cancel or not renew this policy by written notice to you . . . . If we cancel or nonrenew this policy at the anniversary date, we will give you at least 60 days advance notice." Wilson Mutual concedes that it failed to notify Risler that his umbrella policy would end if he did not pay a renewal premium, and that it did

---

[3] While it is unclear from the record whether Wilson Mutual sent Risler a renewal premium invoice for the umbrella policy, the circuit court found nothing to indicate that an invoice was sent. There is no evidence that Wilson Mutual did not want to renew its policy with Risler; it appears that Wilson Mutual simply forgot to send the invoice.

not notify Risler that the policy was not being renewed, but asserts that the proper remedy for its violation of § 631.36(4)(a) and its contractual language was to allow Risler to renew his umbrella policy any time during a period equivalent to the expiring term, in this case one year.

¶ 6. Owens and Teigen respond that WIS. STAT. § 631.36(4)(a) does not apply as Wilson Mutual's umbrella policy provided more generous notification requirements.[4] See § 631.36(1)(b). According to Owens and Teigen, the policy would remain in effect until Wilson Mutual provided notice to Risler that his umbrella policy was about to expire, and as Wilson Mutual never provided notice that it was not renewing Risler's umbrella policy, the policy was still in effect on the date of the accident.

¶ 7. The circuit court agreed with Owens and Teigen. The court ruled that the terms of the umbrella policy required Wilson Mutual to notify Risler that his policy was not being renewed. As Wilson Mutual never sent a notice of nonrenewal, the circuit court ruled that the umbrella policy was still in effect on August 31, 2008.

## STANDARD OF REVIEW

■

¶ 8. This appeal requires us to interpret Risler's umbrella policy and WIS. STAT. § 631.36(4)(a), both of which present questions of law that we review de novo.

---

[4] As Teigen, Owens, Froehlich and McKillip's estate all agreed to release any claims against Daryl and Taylor Risler personally, the circuit court dismissed the Rislers from the lawsuit. Therefore, Owens and Teigen—and not the Rislers— are arguing on appeal that Risler's umbrella policy with Wilson Mutual was in effect on the night of the accident.

*See Magyar v. Wisconsin Health Care Liab. Ins. Plan,*
2001 WI 41, ¶ 8, 242 Wis. 2d 491, 625 N.W.2d 291.

## DISCUSSION

¶ 9. WISCONSIN STAT. § 631.36(4)(a) has two parts.
The first provision states that an insured has a right to
renew his policy "unless at least 60 days prior to the
date of expiration provided in the policy a notice of
intention not to renew the policy beyond the agreed
expiration date is mailed or delivered" to the insured.
*Id.* The second half of § 631.36(4)(a) applies to an
insured's failure to pay a premium, and requires an
insurer to send a notice to the insured "not more than
75 days nor less than 10 days prior to the due date of the
premium, which states clearly the effect of nonpayment
of premium by the due date." The statute provides that
a violation of these notice provisions results in the
insured having "a right to have the policy renewed, on
the terms then being applied by the insurer to similar
risks, for an additional period of time equivalent to the
expiring term." *Id.*

¶ 10. In *Magyar*, the Wisconsin Supreme Court
confronted a situation similar to this case. The insur-
ance company in *Magyar* failed to mail or deliver a
notice of nonrenewal to a physicians group as required
by the first half of WIS. STAT. § 631.36(4)(a). *Magyar*,
242 Wis. 2d 491, ¶ 9. The physicians group was subse-
quently sued for medical malpractice for an incident
that occurred after its insurance coverage expired. *Id.*,
¶¶ 2, 5. The physicians group argued that the proper
remedy for a violation of § 631.36(4)(a) was to allow the
insurance policy to remain in effect until the insurance
company mailed or delivered a notice of nonrenewal.

*Magyar*, 242 Wis. 2d 491, ¶ 10. The supreme court disagreed and held that when an insurance company does not provide notice of nonrenewal, the proper remedy under § 631.36(4)(a) is to allow the insured an opportunity to renew the policy for "an additional period of time equivalent to the expiring term." *Magyar*, 242 Wis. 2d 491, ¶ 13 (quoting § 631.36(4)(a)). As the alleged tort came after the additional renewal period, the court held that the insurance company was not required to provide coverage. *Magyar*, 242 Wis. 2d 491, ¶ 13.

¶ 11. The court noted that its holding was consistent with the primary purpose of the statute, which is ensuring "peace of mind for a policyholder in relying on its policy," while at the same time balancing "the competing interest that a policyholder must take some responsibility in minding its policy and discerning whether renewal has occurred." *Id.*, ¶ 14. Those same principles apply to this case. Wilson Mutual admittedly violated WIS. STAT. § 631.36(4)(a) and the terms of its policy. As Wilson Mutual never sent a notice to Risler that his umbrella policy would expire if he did not pay his renewal premium, nor did it notify Risler that Wilson Mutual was not renewing the policy, Risler retained the right to renew his policy for one year—the length of the expiring term. As the accident occurred more than a year later, Wilson Mutual had no duty to provide umbrella coverage to Risler.

¶ 12. Owens and Teigen argue that *Magyar* is not controlling because the umbrella insurance policy at issue in this case provides greater protection to Risler than WIS. STAT. § 631.36(4)(a). Specifically, Owens and Teigen point to language in the umbrella policy stating that "[w]e may cancel or not renew this policy by written notice to you . . . . If we cancel or nonrenew this

policy at the anniversary date, we will give you at least 60 days advance notice." According to Owens and Teigen, Wilson Mutual has a contractual duty to provide sixty days notice before it cancels or declines to renew its umbrella policy with Risler, and until Wilson Mutual provides such notice, the insurance policy is automatically renewed each year. We disagree. The first part of § 631.36(4)(a) states that an insured has a right to renew his policy "unless at least 60 days prior to the date of expiration provided in the policy a notice of intention not to renew the policy beyond the agreed expiration date is mailed or delivered" to the insured. The language in the Wilson Mutual policy tracks the language in § 631.36(4)(a)—it does not create additional rights for the insured in the event that Wilson Mutual neglects to provide notice. Under Owens and Teigen's reading of the policy, Risler could conceivably have umbrella insurance for the rest of his life without paying a premium. We reject interpretations of insurance policies that lead to absurd results. *Tri City Nat'l Bank v. Federal Ins. Co.*, 2004 WI App 12, ¶ 8, 268 Wis. 2d 785, 674 N.W.2d 617. We hold that as § 631.36(4)(a) and *Magyar* govern this appeal, Risler's right to elect to renew his umbrella policy expired on May 29, 2008.

¶ 13. The order of the circuit court denying Wilson Mutual's motion for declaratory judgment is reversed.

*By the Court.*—Order reversed.