Prime Alliance Group, Ltd. v Affiliated FM Ins. Co. (2018 NY Slip Op 01630)





Prime Alliance Group, Ltd. v Affiliated FM Ins. Co.


2018 NY Slip Op 01630


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2015-05998
2015-09806
 (Index No. 601329/14)

[*1]Prime Alliance Group, Ltd., et al., appellants,
v
Affiliated FM Insurance Company, defendant, Praxis International Corporation, et al., respondents.


Law Office of Steven Cohn, P.C., Carle Place, NY ([Susan E. Dantzig and Alan S. Zigman] and June Diamant, Cedarhurst, NY, of counsel), for appellants.
Keidel, Weldon & Cunningham, LLP, White Plains, NY (Howard S. Kronberg and John J. Iacobucci, Jr., of counsel), for respondent Praxis International Corporation.
Kaufman Dolowich & Voluck LLP, Woodbury, NY (Michael V. De Santis and Anthony Proscia of counsel), for respondents HUB International Northeast Limited, HUB International Southwest Agency Limited, and HUB International Insurance Services, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance policy, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered June 23, 2015, as granted the motion of the defendant Praxis International Corporation pursuant to CPLR 3211(a)(7) to dismiss the complaint and all cross claims insofar as asserted against it, and (2) so much of an order of the same court entered September 23, 2015, as granted the motion of the defendants HUB International Northeast Limited, HUB International Southeast Agency Limited, and HUB International Insurance Services, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from so much of the order entered June 23, 2015, as granted that branch of the motion of the defendant Praxis International Corporation which was pursuant to CPLR 3211(a)(7) to dismiss all cross claims insofar as asserted against it is dismissed, as the appellants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144; see also Estate of Goldstein v Kingston, 153 AD3d 1235; Chuk Hwa Shin v Correale, 142 AD3d 518); and it is further,
ORDERED that the order entered June 23, 2015, is reversed insofar as reviewed, on the law, and that branch of the motion of the defendant Praxis International Corporation which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it is denied; and it is further,
ORDERED that the order entered September 23, 2015, is reversed insofar as appealed from, on the law, and the motion of the defendants HUB International Northeast Limited, HUB [*2]International Southeast Agency Limited, and HUB International Insurance Services, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied; and it is further,
ORDERED that one bill of costs is awarded to the appellants, payable by the respondents appearing separately and filing separate briefs.
The plaintiffs commenced this action against, among others, Affiliated FM Insurance Company (hereinafter Affiliated), asserting that Affiliated breached an insurance policy that it had issued to the plaintiffs by denying coverage of a property damage claim for the plaintiffs' property located at 40 Rector Street in Manhattan. The plaintiffs asserted additional causes of action alleging that their retail insurance broker, Praxis International Corporation (hereinafter Praxis), and their wholesale insurance brokers, HUB International Northeast Limited, HUB International Southeast Agency Limited, and HUB International Insurance Services, Inc. (hereinafter collectively the HUB defendants), failed to procure the insurance coverage that the plaintiffs had requested. The plaintiffs ultimately reached a settlement with Affiliated and discontinued the action insofar as asserted against that defendant. Praxis thereafter moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it on the ground that the plaintiffs' settlement with Affiliated precluded the plaintiffs from pursuing their causes of action to recover damages for failure to procure insurance. In the first order appealed from, entered June 23, 2015, the Supreme Court, among other things, granted that branch of Praxis' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
The HUB defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them relying on, inter alia, the same ground cited by Praxis in support of its motion, that the plaintiffs' settlement with Affiliated precluded the plaintiffs from pursuing their causes of action to recover damages for failure to procure insurance. The HUB defendants also argued that summary judgment was warranted because the plaintiff was not in privity of contract with them. In the second order appealed from, entered September 23, 2015, the Supreme Court, among other things, granted the HUB defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Sokol v Leader, 74 AD3d 1180, 1181). Although a court can consider evidentiary material submitted by a defendant in support of a motion to dismiss, the motion should not be granted unless it has been shown through this evidence "that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Mace v Tunick, 153 AD3d 689, 690).
Here, contrary to the Supreme Court's determination, the validity of Affiliated's denial of the plaintiffs' claim for property damage remains undecided, notwithstanding the fact that the plaintiffs settled this action with respect to Affiliated (see Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc., 65 AD3d 865). The complaint alleges that the denial was based on actions taken by Praxis and the HUB defendants. Should the plaintiffs prevail on their causes of action against Praxis and the HUB defendants, any damages they recover must necessarily be reduced by the amount of the settlement from Affiliated, in order to avoid a double recovery (see Singelton Mgt. v Compere, 243 AD2d 213, 218). The court also erred to the extent that it determined that the plaintiffs' causes of action against Praxis were barred by judicial estoppel (see New Hampshire v Maine, 532 US 742, 749-750; Davis v Wakelee, 156 US 680, 689; Barker v Amorini, 121 AD3d 823, 824). Since Praxis did not show that a material fact alleged in the complaint "is not a fact at all" and that "no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d at 275), the court should have denied that branch of Praxis' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
The Supreme Court also should have denied the HUB defendants' separate motion for summary judgment dismissing the complaint insofar as asserted against them. Their motion was also based on the incorrect premise that the plaintiffs' settlement with Affiliated precluded the plaintiffs from pursuing their causes of action to recover damages for failure to procure insurance (see Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc., 65 AD3d 865). Furthermore, the HUB defendants failed to tender evidentiary proof in admissible form establishing that they were entitled to judgment as a matter of law on the ground that they owed no duty to the plaintiffs because they lacked privity with them (see Zuckerman v City of New York, 49 NY2d 557, 562; Chandler v H.E. Yerkes and Associates, Inc., 784 F Supp 119, 123-124 [SD NY]). Inasmuch as the HUB defendants failed to make a prima facie showing of entitlement to judgment as a matter of law, the Supreme Court should have denied their motion, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court