Houston Cas. Co. v Cavan Corp. of NY (2018 NY Slip Op 03211)





Houston Cas. Co. v Cavan Corp. of NY


2018 NY Slip Op 03211


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6458 651981/14 595609/14

[*1]Houston Casualty Company, Plaintiff-Respondent-Appellant,
v
Cavan Corporation of NY, Defendant-Appellant-Respondent, New Puck, LLC, et al., Defendants.
Cavan Corporation of NY, Third-Party Plaintiff-Appellant-Respondent,
v
The Ducey Agency, Inc., Third-Party Defendant-Respondent-Respondent.


Wilkofsky, Friedman, Karel & Cummins, New York (Mark L. Friedman of counsel), for appellant-respondent.
DLA Piper LLP (US), New York (Aidan M. McCormack of counsel), for respondent-appellant.
Keidel, Weldon & Cunningham, LLP, White Plains (Howard S. Kronberg of counsel), for respondent-respondent.



Order, Supreme Court, New York County (Gerald Lebovitts, J.), entered October 18, 2016, which, to the extent it granted insurance broker the Ducey Agency's (Ducey) cross motion to dismiss the first and second causes of action of the third-party complaint, for negligence and breach of contract, and denied the Cavan Corporation of NY's (Cavan) motion to amend those causes of action, and to add a fourth cause of action for negligent misrepresentation, unanimously reversed, on the law, with costs, the cross motion to dismiss denied, and the proposed amendments to the first and second causes of action, and the addition of a fourth cause of action for negligent misrepresentation, granted. Appeal from the aforementioned order, to the extent it granted Cavan's motion to amend its first counterclaim against plaintiff Houston Casualty Company (Houston) for illusory coverage and its nineteenth affirmative defense for untimely delivery and to add a second counterclaim for negligence, a twenty-first affirmative defense and fifth counterclaim for waiver, and a sixth counterclaim for bad faith against Houston, unanimously dismissed, as academic.
Ducey's cross motion to dismiss the third-party complaint should be denied, and Cavan's motion to amend the first and second causes of action for negligence and breach of contract, respectively, and to add a fourth cause of action for negligent misrepresentation should be granted, as "[u]nder New York law, a party who has engaged a person to act as an insurance broker to procure adequate insurance is entitled to recover damages from the broker [under a breach of contract theory] if the policy obtained does not cover a loss for which the broker contracted to provide insurance, and the insurance company refuses to cover the loss" (Bruckmann, Rosser, Sherrill & Co. v Marsh USA Inc., 65 AD3d 865, 866 [1st Dept 2009]). Moreover, "[a]n insurance agent or broker can be held liable in negligence if he or she fails to exercise due care in an insurance brokerage transaction. Thus, a plaintiff may seek to hold a [*2]defendant broker liable under a theory of either negligence or breach of contract" (id.). Here, the proposed amended third-party complaint alleges a breach independent of the contract, that Ducey failed to inform Cavan of the definitions and terms of the Houston policy and its potential effect on coverage (see Baseball Off. Of Commr. v Marsh & McLennan, 295 AD2d 73, 82 [1st Dept 2002]). In exceptional circumstances a cause of action for negligent misrepresentation exists where there is a special relationship between the customer and the insurance broker and the customer reasonably relies upon the broker's representations (see Murphy v Kuhn, 90 NY2d 266, 270 [1997]). Here, Cavan alleged that it met annually with its broker, in the course of their 20-year relationship, to discuss its insurance needs, and that it relied on the broker's advice (see Dae Assocs., LLC v AXA Art Ins. Corp., 158 AD3d 493, 494 [1st Dept 2018]).
Houston's appeal is dismissed as academic in light of this Court's recent decision in a related matter concerning this litigation (158 AD3d 536 [1st Dept Feb. 20, 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK