House v Hartford Cas. Ins. Co. (2020 NY Slip Op 08045)





House v Hartford Cas. Ins. Co.


2020 NY Slip Op 08045


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-12460
 (Index No. 602184/14)

[*1]Walter House, et al., appellants, 
v
Hartford Casualty Insurance Company, respondent.


Tantleff & Kreinces, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellants.
Lazare Potter Giacovas & Moyle LLP, New York, NY (Yale Glazer of counsel), for respondent.



DECISION & ORDER
In an action pursuant to Insurance Law § 3420(a)(2) to recover the amount of an unsatisfied judgment in favor of the plaintiffs and against the defendant's insured, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered October 16, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
Kent Worldwide Machine Works, Inc. (hereinafter Kent), was in the business of manufacturing specialized machinery. Since at least 1988, it had been insured by the defendant. In 1997, Kent procured from the defendant a commercial general liability policy effective from November 2, 1997, to November 2, 1998 (hereinafter the subject policy). In January 1998, the subject policy was purportedly canceled due to nonpayment of the premium. On March 1, 2000, the plaintiff Walter House was seriously injured while operating a machine manufactured by Kent. Thereafter, House and his wife (hereinafter together the plaintiffs) commenced a personal injury action in federal court against Kent. In that action, they ultimately obtained a judgment against Kent in excess of $10 million.
In May 2014, after Kent failed to satisfy the judgment, the plaintiffs commenced this action pursuant to Insurance Law § 3420(a)(2) against the defendant to recover the amount of the judgment obtained against Kent. Thereafter, the defendant moved for summary judgment dismissing the complaint, arguing that there was no policy insuring Kent in effect at the time of the incident. The plaintiffs opposed the defendant's motion and cross-moved for summary judgment on the complaint, contending that the subject policy was ineffectively canceled (see NJ Stat Ann 17:16D-13). In an order entered October 16, 2017, the Supreme Court granted the defendant's motion and denied the plaintiffs' cross motion. The court determined that although the defendant did not prove that the subject policy had been properly canceled, it was entitled to summary judgment dismissing the complaint because the incident occurred outside the policy period. The plaintiffs appeal.
As a threshold matter, it is undisputed that New Jersey law applies. Under New [*2]Jersey law, an insurance policy that has been ineffectively canceled remains in effect at least until its stated expiration date (see Harvester Chem. Corp. v Aetna Cas. & Sur. Co. , 277 NJ Super 421, 432 n 8, 649 A2d 1296, 1302 n 8). While the defendant concedes that it cannot prove that the subject policy was properly canceled, it argues that the subject policy was not in effect on March 1, 2000, the date of the incident. As the subject policy was not properly canceled, the defendant had an obligation to notify Kent that the policy was not being renewed (see NJ Admin Code § 11:1-20.2[a]). The defendant's failure to do so resulted in the policy remaining in full force and effect for a reasonable period of time after the policy expiration date of November 2, 1998 (see NJ Admin Code § 11:1-20.2[j]; Gatto v New Jersey Auto. Full Ins. Underwriting Assn. , 284 NJ Super 665, 666 A2d 204). The defendant contends that keeping the subject policy in full force and effect from its expiration date of November 2, 1998, to March 1, 2000, does not constitute a reasonable period of time, since more than one year elapsed between the expiration of the policy and March 1, 2000, the date of the accident (see generally Matter of Case v State Ins. Fund , 72 NY2d 992; Wilson Mut. Ins. Co. v Risler , 333 Wis 2d 175, 798 NW2d 898; Magyar v Wis. Health Care Liab. Ins. Plan , 242 Wis 2d 491, 625 NW2d 291).
The Superior Court of New Jersey, in Gatto v New Jersey Auto. Full Ins. Underwriting Assn. , required that courts consider the totality of the circumstances in determining what constitutes a reasonable period for continuing coverage (284 NJ Super at 673, 666 A2d at 208). In general, courts around the country have disfavored notions of perpetual coverage and have held that an improperly canceled or non-renewed policy may be extended to the end of the policy term and for no longer than one additional renewal term (see Zeman v Zack Agency , 75 AD2d 261, 267; Canora Family, Inc. v Universal Underwriters Ins. Co. , 2007 WL 1789017, 2007 US Dist LEXIS 44939 [SD NY, No. 06 CIV 15418 (CLB)], affd 303 Fed Appx 914 [2d Cir]; Wilson Mut. Ins. Co. v Risler , 333 Wis 2d at 182, 798 NW2d at 901). Here, there is uncontroverted material in the record that Kent ceased production in 1996, its assets were sold by its creditors in 1997, and its principal was convicted on federal charges and sentenced to five years in prison in 1999. Under these circumstances, where Kent was no longer operating during the 1997-1998 policy term and the incident occurred in March 2000, the plaintiffs failed to raise a triable issue of fact as to whether it would not have been reasonable to keep the subject policy in full force and effect until March 2000.
Accordingly, we agree with the Supreme Court's determination not to extend the subject policy beyond November 2, 1999, the expiration date of an additional one-year term, and the court's determination granting the defendant's motion for summary judgment dismissing the complaint and denying the plaintiffs' cross motion for summary judgment on the complaint.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court