Florence Capital Advisors, LLC v Thompson Flanagan & Co., LLC (2023 NY Slip Op 01358)

Florence Capital Advisors, LLC v Thompson Flanagan & Co., LLC

2023 NY Slip Op 01358

Decided on March 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 16, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Index No. 655821/21 Appeal No. 17074 Case No. 2022-02934 

[*1]Florence Capital Advisors, LLC et al., Plaintiffs-Appellants-Respondents,
v
Thompson Flanagan & Co., LLC, Defendant-Respondent-Appellant, AXIS Insurance Company et al., Defendants-Respondents.

Kim & Serritella, LLP, New York (James R. Serritella of counsel), for appellants-respondents.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Sarah M. Ziolkowski of counsel), for respondent-appellant.
Wiley Rein LLP, Washington, DC (Jason P. Cronic of the bar of the District of Columbia admitted pro hac vice of counsel), for AXIS Insurance Company, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for World Insurance Associates LLC, respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered June 23, 2022, which, to the extent appealed from, granted defendant-respondent AXIS Insurance Company's (AXIS) motion to dismiss the first amended complaint as against it and declared it has no duty to defend or indemnify plaintiffs in an underlying California action, granted in part the motions of defendants Thompson Flanagan & Co., LLC (Thompson Flanagan) and World Insurance Associates LLC (WIA) to dismiss the sixth (declaratory judgment), seventh (negligence), and ninth (breach of fiduciary duty) causes of action, and denied Thompson Flanagan's motion as to the eighth (breach of contract) cause of action, unanimously modified, on the law, to reinstate the seventh cause of action for negligence against Thompson Flanagan and WIA, and otherwise affirmed, without costs.
This complaint arises out of (i) AXIS's alleged improper denial of insurance coverage to plaintiffs based on its reliance on exclusions that it added to Florence's insurance policies upon renewal, which it allegedly did in bad faith and without giving notice to Florence of the coverage reductions and increased retentions, in violation of New York Insurance Law § 3426; and (ii) the procurement by Florence's insurance brokers of insufficient professional liability coverage, and their failure to properly advise Florence of the changes under AXIS's renewal insurance policies.
The complaint was correctly dismissed as to AXIS, because even if there had been a violation of Insurance Law § 3426 when the Hedge Fund Exclusion was added to the 2018 policy, coverage would have been afforded for only one additional policy period, not the 2020 policy period after that, when the claim was made and denied under the exclusion (see Insurance Law § 3426[e][5][C][i] ["In the event that a late conditional renewal notice or a late nonrenewal notice is provided by the insurer on or after the expiration date of the policy, coverage shall remain in effect on the same terms and conditions of the expiring policy for another required policy period"] [emphasis added]). "[C]ourts around the country have disfavored notions of perpetual coverage and have held that an improperly canceled or non-renewed policy may be extended to the end of the policy term and for no longer than one additional renewal term" (House v Hartford Cas. Ins. Co., 189 AD3d 1556, 1557 [2d Dept 2020], citing Zeman v Zack Agency, 75 AD2d 261, 267 [2d Dept 1980], and Canora Family, Inc., v Universal Underwriters Ins. Co., 2007 WL 1789017, *4, 2007 US Dist LEXIS 44939, *10 [SD NY June 20, 2007, No. 06 Civ 15418 (CLB)], affd 30 Fed Appx 914 [2d Cir 2008]).
Plaintiffs' reliance on the Second Department case of Essex Ins. Co. v George E. Vickers, Jr. Enters., Inc. (103 AD3d 684, 689 [2d Dept 2013]) to argue that the Hedge Fund Exclusion contained in the 2020 policy is unenforceable is misplaced. There, in connection with a commercial liability insurance policy, the general contractor [*2]added the owners as additional insureds on the policy for a one-year period. Thereafter, despite the contractor's requests that the owners be maintained as additional insureds for the next two subsequent policy periods, the insurer failed to do so. The Second Department found that the owners met their prima facie burden on their counterclaim for reformation of the policy to include them as additional insureds by "showing a mutual mistake by clear and convincing evidence" and noted that "the plaintiff [insurer] failed to proffer any evidence establishing that its failure to provide the requested coverage was anything other than mistake" (Essex, 103 AD3d at 688 [internal quotation marks omitted]). The Court's additional discussion and finding that the insurer did not comply with Insurance Law § 3426 is secondary to its finding of mutual mistake that warranted reformation of the policy.
In the instant matter, unlike Essex, plaintiffs did not plead a cause of action for reformation and raised it for the first time on appeal. In addition, there are no facts to suggest mutual mistake here. Rather, the record shows that AXIS expressly indicated in its quote for the 2018 policy that it was including a "new" Hedge Fund Exclusion. Thus, the facts here are distinguishable from Essex and do not support a finding that the Hedge Fund Exclusion contained in the 2020 policy is unenforceable.
However, Supreme Court improperly dismissed plaintiffs' causes of action for negligence against Thompson Flanagan and WIA, the brokers. Plaintiffs sufficiently pleaded a cause of action for negligence against the brokers which was distinct and not duplicative of their breach of contract claim. "'The law is reasonably settled . . . that insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so'" (Utica First Ins. Co. v Floyd Holding, 5 AD3d 762, 763 [2d Dept 2004], quoting Murphy v Kuhn, 90 NY2d 266, 270 [1997]). Thus, "'a party who has engaged a person to act as an insurance broker to procure adequate insurance is entitled to recover damages [for breach of contract] from the broker if the policy obtained does not cover a loss for which the broker contracted to provide insurance, and the insurance company refuses to cover the loss'" (Broecker v Conklin Prop., LLC, 189 AD3d 751, 753 [2d Dept 2020], quoting Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc., 65 AD3d 865, 866 [1st Dept 2009]). Additionally, "[a]n insurance agent or broker can be held liable in negligence if he or she fails to exercise due care in an insurance brokerage transaction" and "[t]hus, a plaintiff may seek to hold a defendant broker liable under a theory of either negligence or breach of contract" (Bruckmann, 65 AD3d at 866). Here, in addition to alleging both brokers breached a contract to procure adequate insurance coverage, plaintiffs also assert that they failed to inform them of the definitions [*3]and terms of the policy. The latter allegations implicate a duty and potential breach by the brokers independent from the contract (Houston Cas. Co. v Cavan Corp. of NY, 161 AD3d 427, 428 [1st Dept 2018]). The breach of fiduciary duty cause of action was correctly dismissed as the facts established that the parties had nothing more than a typical insurance broker-customer relationship (see Dae Assoc., LLC v AXA Art Ins. Corp, 158 AD3d 493, 494 [1st Dept 2018]; Bruckmann, 65 AD3d at 867; Batas v Prudential Ins. Co. of Am., 281 AD2d 260, 264 [1st Dept 2001]). The declaratory judgment cause of action fails because the existing claims for negligence and breach of contract provided full and complete relief (see James v Alderton Dock Yards., 256 NY 298, 305 [1931]; Moghtaderi v Apis Capital Advisors, 205 AD3d 504, 506 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2023