■ IRENEUSZ KOSCINSKI, Appellant, v ST. JOSEPH'S MEDICAL CENTER, Respondent, et al., Defendants. [850 NYS2d 162]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruditsky, J.), dated October 3, 2006, which granted the motion of the defendant St. Joseph's Medical Center for leave to renew, and upon renewal, granted that defendant's prior cross motion to dismiss the complaint insofar as asserted against it which had been denied in an order of the same court dated March 21, 2005.

Ordered that the order is affirmed, with costs.

This action to recover damages for medical malpractice was commenced in 2001. In 2004 the plaintiff failed to comply with an order directing him to file a note of issue by a date certain. Thereafter, the plaintiff moved to restore the case "to active status." That motion was opposed by the defendant St. Joseph's Medical Center (hereinafter the Hospital) and by the defendant Richard Radna. Both the Hospital and Radna also separately cross-moved, on identical grounds, to dismiss the complaint as to each of them. The Supreme Court granted the plaintiff's "motion to restore and vacate dismissal" and denied the cross motions to dismiss. Only Radna appealed from that order. On appeal, this Court reversed, denied the plaintiff's motion to restore the case "to active status," granted Radna's cross motion to dismiss the complaint insofar as asserted against him, and severed the action against the remaining defendants, including the Hospital (see Koscinski v St. Joseph's Med. Ctr., 24 AD3d 421 [2005]).

Based upon this Court's decision and order, the Hospital moved in the Supreme Court for leave to renew its cross motion to dismiss the complaint insofar as asserted against it. The Supreme Court granted renewal, and upon renewal, granted the Hospital's prior cross motion to dismiss the complaint insofar as asserted against it. We affirm.

Contrary to the plaintiff's contention, the Hospital was not

precluded from seeking renewal of its cross motion to dismiss the complaint insofar as asserted against it because it did not appeal from the prior order which denied that cross motion. Although, as a general rule, an appellate court will not grant any affirmative relief to a non-appealing party (*see Hecht v City of New York*, 60 NY2d 57, 60 [1983]; *Damiani v Federated Dept. Stores, Inc.*, 23 AD3d 329 [2005]; *Millard v Alliance Laundry Sys., LLC*, 28 AD3d 1145 [2006]), this principle does not bar a non-appealing defendant from seeking renewal of a cross motion to dismiss the complaint insofar as asserted against it based upon an appellate court's decision to grant dismissal of the complaint as to a codefendant.

The plaintiff's remaining contention is without merit. Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.