■ ESTATE OF JAMES BROWN et al., Respondents, v THE PULLMAN GROUP, Appellant. [875 NYS2d 460]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered April 14, 2008, which granted plaintiffs' motion to dismiss defendant's counterclaim for breach of an engagement letter and declared moot the counterclaim that plaintiffs'

proposed transaction with a third party would have been a breach if consummated, and order, same court and Justice, entered July 25, 2008, which denied defendant's motion to renew and amend its counterclaims, unanimously affirmed, with costs.

The court properly accorded the unambiguous engagement letter its plain and ordinary meaning (see Teichman v Community Hosp. of W. Suffolk, 87 NY2d 514, 521 [1996]; Fingerlakes Chiropractic v Maggio, 269 AD2d 790, 792 [2000]) in interpreting its paragraph 7 as applying only to consummated transactions, sales and financing, and not prohibiting plaintiffs from negotiating on their own for refinancing. It is unnecessary to determine whether the rule governing a broker's exclusive right of sale would be applicable to the relationship between the parties; defendant's claim for breach of contract was properly rejected because it not only did nothing to procure plaintiffs' proposed loan with a third party, but frustrated that deal by sending a threatening letter (see Ellenberg Morgan Corp. v Hard Rock Cafe Assoc., 116 AD2d 266, 271 [1986]). The counterclaim for declaratory relief did not present a justiciable controversy (see American Std., Inc. v Oakfabco, Inc., 58 AD3d 485 [2009]), inasmuch as plaintiffs' proposed loan from a third party did not go forward, and was not about to do so (cf. Buller v Goldberg, 40 AD3d 333 [2007]).

Denial of renewal was proper because this evidence was available at the time of the initial motion, and the failure to submit it was unexplained (see Matter of Weinberg, 132 AD2d 190, 210 [1987], lv dismissed 71 NY2d 994 [1988]). In any event, the purportedly new evidence would not have altered the initial determination (see NYCTL 1999-1 Trust v 114 Tenth Ave. Assoc., Inc., 44 AD3d 576 [2007], appeal dismissed 10 NY3d 757 [2008], cert denied 555 US —, 129 S Ct 458 [2008]). Leave to amend was properly denied since the counterclaims had already been dismissed. We further note that the proposed amendment was unsupported by an affidavit of merit (see Schulte Roth & Zabel, LLP v Kassover, 28 AD3d 404 [2006]) or a verified pleading (CPLR 105 [u]). Concur—Andrias, J.P., Saxe, Acosta and Renwick, JJ. [See 2008 NY Slip Op 31043(U).]