OPINION OF THE COURT
Kenneth L. Thompson, Jr., J.
Plaintiffs move pursuant to CPLR 2221 (e), by order to show cause to renew defendant Frank Campo’s motion to dismiss the *961 complaint pursuant to CPLR 3211 (a) (1) and (7) as against him, that was granted by order of this court dated January 26, 2012. Plaintiffs also move for summary judgment as against Campo, though plaintiffs never moved for summary judgment in the underlying motions and therefore such relief will not be granted on this motion to renew.
A motion to renew pursuant to CPLR 2221 (e):
“1. shall be identified specifically as such;
“2. shall be based on new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and
“3. shall contain reasonable justification for the failure to present such facts on the prior motion.”
Plaintiffs’ home burned in a fire on November 6, 2010. Plaintiffs’ fire insurance carrier, Castlepoint Insurance Company, disclaimed coverage on the grounds that the plaintiffs’ home was a three-family home not a two-family home as indicated in plaintiffs’ insurance application. The January 26, 2012 order of this court granted the insurance broker’s, Campo’s, motion and dismissed the complaint as against him, denied Castlepoint’s motion for summary judgment dismissing the complaint against Castlepoint, and granted plaintiffs’ cross motion for summary judgment as against Castlepoint.
Castlepoint appealed the branches of the January 26, 2012 order denying Castlepoint summary judgment dismissing the complaint as against it and appealed the grant of plaintiffs’ motion for summary judgment against Castlepoint. The Appellate Division reversed the January 26, 2012 order to the extent the order was appealed (104 AD3d 406 [2013]). Significantly, there was no appeal of the dismissal of the complaint as against Campo.
Plaintiffs seeks to renew based on “new and additional facts not available at the time of the original motion.” (Aff in support 1i 24.) However, those new and additional facts were never stated in plaintiffs’ moving papers. Rather, plaintiffs reargue the court’s underlying decision in light of the Appellate Division’s reversal of a branch of the underlying order. However, the First Department’s decision rightly does not address the dismissal of the complaint as against Campo, since there was no appeal of the dismissal of the complaint as against Campo. Any motion to reargue this court’s January 26, 2012 order would be untimely.
*962 Even if, arguendo, this court could reach the merits of plaintiffs’ application, the motion would be denied. Plaintiffs are arguing that since the First Department held that the misrepresentation regarding the number of families the subject home was designed to accommodate was material, this court’s decision, dismissing the complaint against the broker, Campo, should be vacated. However, a reading of the underlying decision of this court reveals that the issue of the materiality of the misrepresentation regarding the number of families the home was designed to accommodate was not discussed with reference to Campo, and was immaterial to the decision to dismiss the complaint as against Campo.
The case law cited by plaintiff is inapposite. In both Miller v Duffy (162 AD2d 438 [2d Dept 1990]) and Seifts v Markle (211 AD2d 848 [3d Dept 1995]) the motion to renew was based on the submission of factual affidavits that were not submitted in the underlying motion. As observed earlier, there simply are no new facts or evidence presented in this motion to renew.
Accordingly, plaintiffs’ motion to renew is denied.