■ Linda Dauria et al., Appellants, v Castlepoint Insurance Company et al., Defendants, and Frank Campo, Respondent. [992 NYS2d 210]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered October 8, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to renew defendant Frank Campo's motion to dismiss the complaint, affirmed, without costs.

In 2008, defendant Castlepoint Insurance Company issued a

homeowner's policy to plaintiffs Linda Dauria and Thomas Dauria based on an application prepared and submitted on their behalf by defendant broker Frank Campo. After a fire in 2010, Castlepoint rescinded the policy based on its determination that the premises contained a basement apartment, which rendered it a "three family" dwelling as opposed to the "two family" designation listed on the insurance application.

In 2011, plaintiffs commenced this action against Castlepoint for breach of contract, and against Campo for his alleged negligence and breach of contract in failing to procure the proper insurance policy and to properly process plaintiffs' application for insurance. Campo moved to dismiss for failure to state a cause of action and based on documentary evidence, claiming that he was never advised or had reason to believe that the premises was a three-family dwelling. In opposition, Mr. Dauria stated that in a conversation with Campo after the fire, Campo admitted that he had "messed up," and that in 2002 an investigator for Allstate, the prior insurer of the premises, had advised Campo that the house was a three-family home. Plaintiffs also cross-moved for summary judgment against Castlepoint and Castlepoint cross-moved for summary judgment against plaintiffs dismissing the complaint.

The motion court granted Campo's and plaintiffs' motions for summary judgment, and denied Castlepoint's motion on the ground that Campo fulfilled his duties to plaintiffs, and Castlepoint failed to meet its prima facie burden of showing its entitlement to rescission as a matter of law. In so ruling, the court found that Castlepoint did not establish that plaintiffs had made a material misrepresentation in the insurance application because three-family dwellings were not listed as an "unacceptable exposure" in Castlepoint's underwriting guidelines, and the policy did not exclude three-family dwellings from coverage.

Castlepoint appealed. This Court reversed and granted Castlepoint summary judgment (104 AD3d 406 [1st Dept 2013]), holding that the motion court erred in finding that Castlepoint failed to establish the materiality of the misrepresentation that the premises was a two-family dwelling, as opposed to a three family dwelling that did not fit within the policy definition of a "residence premises."

Plaintiffs did not appeal from the grant of summary judgment as to Campo. However, after our decision in the Castlepoint appeal was issued, plaintiffs moved below to renew Campo's motion to dismiss. Finding that plaintiffs' failed to present any new and additional facts not available at time of Campo's origi-

nal motion to dismiss the complaint, the motion court deemed the motion to be an untimely motion to reargue based on our decision in the Castlepoint appeal, which did not address the unappealed dismissal of the complaint against Campo. The court further stated that even assuming arguendo that it could consider the motion, plaintiffs' arguments were without merit.

Although the grant of a dismissal to a codefendant at the appellate level may form the basis of a renewal motion (in the court below) by a nonappealing defendant on the ground of "law of the case" (*Spierer v Bloomingdale's*, 59 AD3d 267 [1st Dept 2009], *lv denied* 13 NY3d 713 [2009]; *Koscinski v St. Joseph's Med. Ctr.*, 47 AD3d 685 [2d Dept 2008]), this is not a case where two codefendants are so similarly situated that this Court's order with respect to one defendant directly impacts the other defendant. The issue of Campo's liability is not identical to the issue of Castlepoint's liability, and plaintiffs have not shown that the factual or legal basis for the order dismissing the claims against Campo has been overturned (*compare Ramos v City of New York*, 61 AD3d 51 [1st Dept 2009]).

An insurance broker can be held liable in negligence if he or she does not exercise due care in an insurance brokerage transaction (*see Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc.*, 65 AD3d 865 [1st Dept 2009]). In the order dismissing the claims against Campo, the motion court found that Campo had shown that "no significant dispute exists regarding his lack of duty to [p]laintiffs under the circumstances of this matter." (2012 NY Slip Op 33670[U], *3 [2012] [internal quotation marks omitted].) The court reasoned that Campo procured the requested insurance for plaintiffs, within a reasonable time, and had no continuing duty to advise plaintiffs to procure additional insurance once this was achieved. Although the dissent states that "[t]he entire premise of [the motion court's] dismissal of the complaint against Campo was that Campo obtained the requested coverage and thus fulfilled his duty," in denying renewal the motion court stated that "the issue of the materiality of the misrepresentation regarding the number of families the home was designed to accommodate was not discussed with reference to Campo, and was immaterial to the decision to dismiss the complaint as against [him]" (41 Misc 3d 960, 962 [Sup Ct, Bronx County 2013]).

Significantly, in our decision in the Castlepoint appeal this Court did not find that Campo was in fact responsible for a material misrepresentation in the insurance policy application, and plaintiffs have not shown that the motion court's exoneration of Campo was based on its now-overturned holding that there was

no misrepresentation (*see e.g. Estate of Brown v Pullman Group*, 60 AD3d 481, 482 [1st Dept 2009], *lv dismissed in part, denied in part* 13 NY3d 789 [2009]). If, as the dissent finds, material issues of fact exist as to whether Campo failed to fulfill his duty to obtain the requested coverage and whether he made a material misrepresentation in the application, under the circumstances of this case plaintiffs' remedy was to appeal from the original order granting Campo summary judgment.

We have considered plaintiffs' other contentions and find them unavailing. Concur—Tom, J.P., Andrias and DeGrasse, JJ.

Acosta and Richter, JJ., dissent in a memorandum by Richter, J., as follows: Plaintiffs Linda Dauria and Thomas Dauria are the owners of a house in the Bronx where they live with their in-laws. In 2002, defendant Frank Campo, an insurance broker, procured a homeowners insurance policy for the premises from Allstate. The Allstate policy listed the house as a two-family residence. In 2008, Allstate did not renew the policy, and Campo obtained a policy from defendant Castlepoint Insurance Company. The application for that policy also identified the premises as a two-family residence. In November 2010, the premises was damaged by fire resulting in an alleged loss of $330,000. Castlepoint disclaimed coverage based on a material misrepresentation in the policy application. According to Castlepoint, its investigation showed that the premises was a three-family dwelling, and not a two-family dwelling as listed on the application.

In March 2011, plaintiffs commenced this action against Castlepoint and Campo alleging, inter alia, that Castlepoint breached the insurance contract by denying coverage, and that Campo was negligent and breached his contract with plaintiffs by failing to obtain the requested coverage. Campo moved to dismiss the complaint, and both Castlepoint and plaintiffs moved for summary judgment. In opposing Campo's motion, plaintiff Thomas Dauria submitted an affidavit stating that in a conversation after the fire, Campo admitted that he "messed up," and that in 2002 an Allstate investigator had sent Campo a letter stating that the house was a three-family home. Dauria further alleged that he had neither seen nor signed the Castlepoint application, and that Campo had submitted it unbeknownst to him.

By decision and order entered February 7, 2012, the motion court granted plaintiffs' motion for summary judgment against Castlepoint, finding that Castlepoint was required to indemnify plaintiffs under the policy. In light of this conclusion, the court dismissed the complaint against Campo, finding that he fulfilled

his duty to plaintiffs by obtaining the requested insurance coverage within a reasonable time. Castlepoint appealed, and on March 5, 2013, this Court reversed and dismissed the complaint against Castlepoint, finding that plaintiffs' designation of the premises as a two-family residence was a material misrepresentation (104 AD3d 406 [1st Dept 2013]). In light of this Court's decision, which resulted in the loss of insurance coverage, on June 7, 2013, plaintiffs promptly moved to renew Campo's motion to dismiss the complaint. The motion court denied the motion and this appeal ensued.

A motion for leave to renew a prior motion "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *Abu Dhabi Commercial Bank, P.J.S.C. v Credit Suisse Sec. [USA] LLC*, 114 AD3d 432 [1st Dept 2014]). Unlike a motion for reargument, "a motion for leave to renew is not subject to any particular time constraints" (*Ramos v City of New York*, 61 AD3d 51, 54 [1st Dept 2009]; *see* CPLR 2221 [e]).

Applying these principles, the motion court should have granted plaintiffs' motion to renew. The motion court's initial decision found that Castlepoint was required to cover the loss. The entire premise of its dismissal of the complaint against Campo was that Campo obtained the requested coverage and thus fulfilled his duty. In light of this Court's decision that there was no insurance coverage, however, the original factual premise of the motion court's decision was no longer true. Thus, there was a sufficient basis to grant renewal, deny Campo's motion to dismiss, and allow plaintiffs to litigate the issue of his liability (*see Ramos*, 61 AD3d at 51 [subsequent reversal of the plaintiff's criminal conviction constituted a new fact warranting renewal of the motion court's earlier decision dismissing the plaintiff's complaint alleging false arrest and malicious prosecution]).

It is well settled that insurance brokers have a common-law duty to obtain insurance coverage requested by their clients within a reasonable time after the request is made or to inform the client of an inability to do so (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 157 [2006]; *Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *Cosmos, Queens Ltd. v Matthias Saechang Im Agency*, 74 AD3d 682 [1st Dept 2010]). Thus, a client who has engaged a broker to procure adequate insurance can "recover damages from the broker if the policy obtained

does not cover a loss for which the broker contracted to provide insurance, and the insurance company refuses to cover the loss" (*Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc.*, 65 AD3d 865, 866 [1st Dept 2009] [internal quotation marks omitted]).

Triable issues of fact exist as to whether Campo failed to fulfill his duty to obtain the requested coverage and whether Campo made a material misrepresentation in the application. Plaintiffs allege that although Campo had previously been informed by an insurance investigator that the home was a three-family residence, he nevertheless submitted the application to Castlepoint describing it as a two-family residence. Plaintiffs further allege that Campo submitted the application without plaintiffs' knowledge and without giving them the opportunity to review it. Campo does not dispute that he submitted the application which identified the premises as a two-family residence. In light of these allegations, dismissal of the complaint against Campo at this stage is unwarranted.

There is no merit to Campo's contention that plaintiffs are precluded from seeking renewal because they did not appeal from the motion court's dismissal of the complaint against him. In *Koscinski v St. Joseph's Med. Ctr.* (47 AD3d 685 [2d Dept 2008]), the Second Department rejected a similar argument. In that case, the lower court denied the motions of two defendants to dismiss the complaint. Only one of the defendants appealed, and on appeal, the Second Department reversed and dismissed the complaint against that defendant. Based on that appellate decision, the nonappealing defendant moved in the lower court for leave to renew its motion to dismiss. The motion court granted the motion to renew, and upon renewal, dismissed the complaint against the nonappealing defendant. The Second Department affirmed, concluding that "the [nonappealing defendant] was not precluded from seeking renewal of its . . . motion to dismiss the complaint insofar as asserted against it because it did not appeal from the prior order which denied that . . . motion" (47 AD3d at 685-686). A similar result is warranted here (*see also Irizarry v New York City Health & Hosps. Corp.*, 268 AD2d 321, 322 [1st Dept 2000] [where the basis of a prior order has subsequently been overturned, reargument based on a change in the law is proper even if the period within which to appeal the prior order has expired]).

The majority misapprehends the motion court's reasons for initially dismissing the complaint against Campo. The motion court stated: "CAMPO fulfilled his duty to Plaintiffs; CASTLE-POINT is not entitled to rescind the insurance policy" and

"CAMPO procured insurance for the Plaintiffs, within a reasonable time." (2012 NY Slip Op 33670[U], *2-3 [2012].) The only logical inference from these statements is that Campo was dismissed from the action because he obtained the requested coverage. In light of this Court's dismissing the action against Castlepoint, however, the motion court's factual conclusion was incorrect and renewal was appropriate. The majority, and the motion court, fail to explain how Campo could have fulfilled his duty as a matter of law if, in fact, he did not obtain the requested coverage.

The majority virtually ignores this Court's decision in *Ramos*. In attempting to distinguish *Koscinski*, the majority asserts that this Court's order with respect to Castlepoint did not "directly impact[ ]" Campo. That is simply not true. The issue of Campo's liability is dependent upon whether or not plaintiffs are covered by the Castlepoint policy and whether Campo, as the broker, obtained coverage for them. If the Castlepoint policy covered the loss, then Campo unquestionably fulfilled his duty. If, on the other hand, as is the case here, the loss is not covered, issues of fact exist as to Campo's negligence. Thus, this Court's finding of no coverage and its dismissal against Castlepoint "directly impact[ed]" the case against Campo. ▮