■ PETER CIOFFI et al., Plaintiffs, v TARGET CORPORATION et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendants. COMMUNICATION TECHNOLOGY SERVICES, LLC, Third-Party Defendant-Appellant. [53 NYS3d 671]—

Appeal from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated November 14, 2014. The order, insofar as appealed from, granted that branch of the motion of the defendants third-party plaintiffs which was for leave to renew their opposition to a prior motion of the third-party defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2005, the injured plaintiff, who was employed by the third-party defendant, Communication Technology Services, LLC (hereinafter CTS), sustained injuries while performing renovation work at a Target store. CTS had been hired by Bailiwick Data Systems, Inc. (hereinafter Bailiwick Data), to perform the work. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against, among others, Target Corporation and Target Stores, Inc. (hereinafter together the Target defendants), Bailiwick Enterprises, LLC, and Bailiwick, LLC (hereinafter together the other Bailiwick defendants), Bailiwick Data, and Westbury Holding Company (hereinafter Westbury), the owner of the premises. The complaint asserted causes of action alleging

common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). Subsequently, the Target defendants, Westbury, and Bailiwick Data (hereinafter collectively the third-party plaintiffs) commenced a third-party action against CTS, alleging, among other things, that Bailiwick Data was entitled to contractual indemnification.

In previous motion practice, by order dated September 29, 2011, the Supreme Court directed the dismissal of all causes of action in the complaint except the cause of action alleging a violation of Labor Law § 240 (1), and awarded the third-party plaintiffs summary judgment on their third-party contractual indemnification cause of action insofar as asserted against CTS by Bailiwick Data. Subsequently, in an order made upon re-argument dated March 24, 2012, the court directed the dismissal of the Labor Law § 240 (1) cause of action, and in light of that determination, awarded CTS summary judgment dismissing the third-party contractual indemnification cause of action as academic.

On an appeal by the plaintiffs, this Court reversed the order dated March 24, 2012, insofar as appealed from and, upon re-argument, adhered to the determinations in the Supreme Court's order dated September 29, 2011, denying those branches of the motions of CTS, the third-party plaintiffs, and the other Bailiwick defendants which were for summary judgment dismissing the Labor Law § 240 (1) cause of action (see *Cioffi v Target Corp.*, 114 AD3d 897 [2014]). Based on this Court's decision and order, the third-party plaintiffs moved pursuant to CPLR 2221 for leave to renew or reargue their opposition to CTS's motion for leave to reargue the original motion and cross motion with respect to the third-party cause of action for contractual indemnification. They contended that this Court's reinstatement of the plaintiffs' Labor Law § 240 (1) cause of action against Bailiwick Data would change the Supreme Court's prior determination that the contractual indemnification claim against CTS was academic. In an order dated November 14, 2014, the Supreme Court granted that branch of the third-party plaintiffs' motion which was for leave to renew their opposition to CTS's reargument motion. Upon renewal, the court, in effect, vacated its determination in the order dated March 24, 2012, with respect to the third-party contractual indemnification cause of action against CTS, and thereupon adhered to its determination in the order dated September 29, 2011, awarding the third-party plaintiffs summary judgment on their third-party contractual indemnification cause of action insofar as asserted against CTS by Baili-

wick Data. CTS appeals from the order dated November 14, 2014.

A motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination," and the motion papers must contain a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Varela v Clark*, 134 AD3d 925, 926 [2015]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]). Here, the third-party plaintiffs' motion met the statutory requirements for leave to renew pursuant to CPLR 2221 (e) (*see Ezzard v One E. Riv. Place Realty Co., LLC*, 137 AD3d 648, 649 [2016]; *Ramos v City of New York*, 61 AD3d 51, 54-55 [2009]; *Koscinski v St. Joseph's Med. Ctr.*, 47 AD3d 685, 685-686 [2008]; *cf. Dauria v Castlepoint Ins. Co.*, 120 AD3d 1016, 1018 [2014]). Contrary to CTS's contention, the third-party plaintiffs were not precluded from seeking renewal because they did not appeal from the order dated March 24, 2012 (*see Koscinski v St. Joseph's Med. Ctr.*, 47 AD3d at 685-686). Accordingly, the Supreme Court properly granted the third-party plaintiffs' motion for leave to renew their opposition to CTS's reargument motion. Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.