Boccara v Beinart (2020 NY Slip Op 00374)





Boccara v Beinart


2020 NY Slip Op 00374


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


653083/14 10808A 10808

[*1] Philippe Boccara, Plaintiff-Appellant,
v
Joan S. Beinart as Trustee of the Jooan S. Beinart Personal Qualified Trust, et al., Defendants-Respondents.


Katz Melinger PLLC, New York (Kenneth J. Katz of counsel), for appellant.
Jonathan Fisher, New York, for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about March 22, 2017, which denied plaintiff prospective purchaser's motion for summary judgment on his claims for, inter alia, breach of contract and a return of his $200,000 down payment, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 29, 2018, which, insofar as appealed from, denied plaintiff's motion to renew, unanimously affirmed, without costs.
Plaintiff established his prima facie entitlement to judgment as a matter of law. The cooperative board refused to approve plaintiff's purchase of the shares to the subject apartment, and the parties' contract allowed in such instances for plaintiff to cancel the contract and be refunded his down payment. In opposition, defendants raised triable issues as to whether the board's refusal to approve the sale was due to bad faith on the part of plaintiff. Plaintiff's argument that the motion court should not have considered the affidavit of defendant Jonathan Fisher because it was not notarized is not preserved, and we decline to review it (see Matter of Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545 [1st Dept 2013]; see also Stewart v Goldstein, 175 AD3d 1214, 1215 [1st Dept 2019]).
The motion court properly denied the motion to renew. Plaintiff did not explain the failure to offer the purportedly new evidence on his initial motion (see Estate of Brown v Pullman Group, 60 AD3d 481 [1st Dept 2009], lv dismissed in part, denied in part 13 NY3d 789 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK