JAB Bldg., LLC v 950 Third Ave. LLC (2025 NY Slip Op 02723)

JAB Bldg., LLC v 950 Third Ave. LLC

2025 NY Slip Op 02723

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 651124/22|Appeal No. 4302|Case No. 2024-06111|

[*1]JAB Building, LLC, Plaintiff-Appellant,
v
950 Third Avenue LLC, Defendant-Respondent.

Pfister & Saso, LLP, New York (Paul A. Saso of counsel), for appellant.
Certilman Balin Adler & Hyman, LLP, East Meadow (Paul B. Sweeney of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about September 26, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendant-tenant to dismiss the complaint, unanimously affirmed, with costs.
The parties entered into a 55-year lease of air rights in July 1970, which tenant had the right to renew by notice given by July 1, 2024. In October 2021 and January 2022, defendant informed landlord that it would not be renewing the lease and also would not be reversing the transfer of air rights, while proposing terms to resolve the parties' situation. In January 2024, after landlord had commenced this action seeking, among other things, a declaratory judgment concerning its rights, tenant changed its position and served notice of renewal.
Assuming that the tenant's two emails can be construed as an unequivocal waiver of its right to renew, rather than a statement of its current intention in the context of negotiations, any waiver was properly withdrawn by tenant. A waiver, being unilateral, and "not being a binding agreement, can, to the extent that it is executory, be withdrawn," provided that, if the other party's performance has been waived, that party "is given notice of withdrawal and a reasonable time after notice within which to perform" (Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC, 30 AD3d 1, 5-6 [1st Dept 2006] [internal quotation marks omitted], affd 8 NY3d 59 [2006]; see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]). Furthermore, tenant was not equitably estopped from withdrawing any waiver of its own right to renew the contract since plaintiff landlord did not detrimentally rely thereon or suffer any damages as a result of tenant's change in position (see id. at 183). Landlord has not indicated that it was prejudiced by tenant's October 2021 and January 2022 emails other than by choosing to proactively litigate the air rights issue before it suffered damages, which would not occur until the end of the lease.
Tenant's indication that it intended to exercise its right to renew the air rights lease and enter negotiations with landlord for a renewal lease renders the controversy concerning the parties' rights following nonrenewal moot. If a justiciable controversy ceases to exist, there is no longer a need for declaratory judgment (see Estate of Brown v Pullman Group, 60 AD3d 481, 482 [1st Dept 2009], lv dismissed in part, denied in part 13 NY3d 789 [2009]). Here, there is not presently a justiciable controversy regarding tenant's potential retention of the air rights absent a renewal lease, and the motion court properly dismissed the declaratory judgment cause of action.
We have considered landlord's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025