◼ LAWRENCE GOULD et al., Respondents, v INTERNATIONAL PAPER COMPANY et al., Defendants, and G.L. & R.L. LOGGING, INC., Appellants. (And a Third-Party Action.) [636 NYS2d 899] —Mikoll, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered January 20, 1995 in Essex County, which denied a motion by defendant G.L. & R.L. Logging, Inc. for summary judgment dismissing the complaint against it.

On June 3, 1985, plaintiff Lawrence Gould (hereinafter plaintiff) sustained a severe injury to his head while doing logging work in the employ of his father, third-party defendant Earl R. Gould (hereinafter Gould), on property owned by defendant International Paper Company (hereinafter International). Gould had been hired by International on May 8, 1985 to log a portion of its land in the Town of Johnsburg, Warren County, known as the Johnsburg tract or the Samuelson lot. There were no witnesses to the incident and plaintiff has no recall of the incident nor of the events of that day due to his injury. Plaintiff was found on the ground unconscious by a co-worker.

International had hired defendant G.L. & R.L. Logging, Inc.

(hereinafter defendant) in August 1984 to log a portion of the Johnsburg tract, which defendant completed in September 1984. The area logged was inspected by International that same month. The International forester who compiled a final inspection report issued in December 1984 noted at an examination before trial (hereinafter EBT) that defendant left the area "very neat and very clean".

Plaintiff and his wife commenced this action against defendant, International and defendant International Paper Timberlands Operating Company (hereinafter Timberlands) claiming, *inter alia*, that defendant left the Johnsburg tract in a dangerous condition by allowing hanging trees to remain and that the other defendants were aware of the condition. Plaintiffs also assert that plaintiff was struck in the head by a hanging tree causing him severe injuries. In response, defendant commenced a third-party action against Gould.

In November 1990, International moved for summary judgment. Supreme Court examined the evidence submitted, including EBT transcripts of plaintiff and Gould, and granted International's motion concluding that plaintiffs' assertions regarding how the accident happened to be pure speculation and insufficient to support a finding of proximate cause. This Court affirmed the order of dismissal (180 AD2d 934).

Defendant next moved for summary judgment. Following further discovery, including a second EBT of Gould, and upon review of plaintiffs' papers submitted in opposition to the motion, Supreme Court denied defendant's motion finding that factual issues were presented by Gould's second EBT. Defendant appeals from the order entered thereon.

There should be a reversal of the order denying defendant's motion and summary judgment should be granted to defendant.

Defendant's argument that the doctrine of the law of the case entitles it to summary judgment dismissing the complaint is persuasive. Where, as here, an issue has been judicially determined, the law of the case doctrine precludes reconsideration thereof in the course of the same litigation (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 198 AD2d 569, 570; *Matter of Acres Stor. Co. v Chu*, 144 AD2d 758, *appeal dismissed* 73 NY2d 914). Supreme Court, in granting summary judgment to International, already decided the proximate cause issue on facts common to all defendants, not simply to the moving parties on that motion. The court ruled that the record lacked anything "that would permit a jury to find that [a] hanging tree in some way was a proximate cause of injury

to * * * plaintiff". The liability against each defendant is based on an identical claim, namely, that while plaintiff was lawfully upon the property, he was struck on the head by a hanging tree which had been left by defendant. The issue of proximate cause decided here is necessarily identical as to each defendant. Thus, reconsideration of the previously decided issue is precluded.

Moreover, the second deposition of Gould and the affidavits submitted in opposition to defendant's motion lack probative value and do not distinguish the issue in the former motion from that under consideration here. Much of Gould's testimony at the second EBT is inconsistent with that given at his prior EBT and is speculative and conclusory (see, *Lynn v Lynn*, 216 AD2d 194). Moreover, the issue determined by Supreme Court was affirmed by this Court on review (180 AD2d 934, *supra*), and Supreme Court was bound by that decision and required to implement it (see, *Frederick v Clark*, 162 AD2d 863, 864, *lv denied* 76 NY2d 711).

Cardona, P. J., Crew III, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion by defendant G.L. & R.L. Logging, Inc. granted, summary judgment awarded to said defendant and complaint dismissed against it.