■ WILLIAM ROMANO et al., Appellants, v ALLEN KASSEBAUM, Defendant, and JANE ANDERSON, Respondent. [672 NYS2d 904] —In an action, *inter alia,* for rescission of a lease, conversion, and to recover damages for use and occupancy, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated January 16, 1997, as denied their motion pursuant to CPLR 3025 (b) to amend their complaint to allege a continuous trespass against the defendant Jane Anderson and rescission of her sublease.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the plaintiffs' motion to

amend their complaint to allege a continuous trespass against the defendant Jane Anderson and rescission of her sublease. In an earlier motion, the defendant Jane Anderson sought to dismiss the original complaint insofar as asserted against her on the ground that it was barred by the Statute of Limitations. In opposing that motion, the plaintiffs argued that the complaint contained sufficient factual allegations to state claims sounding in continuous trespass and rescission of her sublease based on the fraudulent transfer of the subject apartment, neither of which would be barred by the three-year limitations period applicable to conversion. In an order and judgment (one paper) dated June 3, 1996, the Supreme Court granted the respondent's motion and thereby necessarily rejected the plaintiffs' contention. The plaintiffs filed a notice of appeal from the order and judgment and also moved for reargument and renewal, again claiming that those causes of action were sufficiently stated in the complaint. By order dated August 22, 1996, the Supreme Court denied reargument and renewal and the plaintiffs did not attempt to appeal from that order. In addition, by order of this Court dated February 24, 1997, their motion to withdraw their appeal from the order and judgment was granted.

The plaintiffs subsequently moved to serve an amended complaint setting forth the same factual allegations as the original complaint, but containing "new" claims for continuous trespass and rescission of the sublease at issue based on the alleged fraudulent transfer of the apartment. The court denied the motion to amend, and the plaintiffs currently appeal from that order.

The plaintiffs concede that their proposed amended complaint "merely restated the allegations in the original complaint and added a cause of action seeking damages for the tort of continuous trespass". However, the question of whether those allegations supported claims for fraudulent transfer and continuous trespass was squarely presented as an issue on Anderson's motion to dismiss the complaint insofar as asserted against her. The Supreme Court necessarily resolved that issue against the plaintiffs by granting the motion to dismiss, from which the plaintiffs did not pursue an appeal. Accordingly, the plaintiffs are precluded from now litigating the same issue on this appeal from the denial of their motion to amend the complaint (*see generally, Gould v International Paper Co.,* 223 AD2d 964).

In view of the foregoing, we discern no basis for disturbing the Supreme Court's denial of the plaintiffs' motion for leave to

amend the complaint. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.