■ Jeffrey Giberson et al., Appellants, v Gideon Panter, M.D., et al., Respondents, et al., Defendants. [729 NYS2d 29] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered December 8, 1999, which, in an action for medical malpractice brought by the parents of a child with genetic abnormalities to recover the expenses of the child's care and treatment, *inter alia*, granted defendants-respondents obstetrician's and radiologist's motions for summary judgment dismissing the complaint as against them, and order, same court and Justice, entered November 30, 2000, which, *inter alia*, denied plaintiffs' motion to renew, unanimously affirmed, without costs.

Defendants' experts' submissions showed, prima facie, that at the time of the alleged malpractice, Cornelia de Lange Syndrome, the primary focus of the complaint, could not be diagnosed from sonograms at 20 weeks, and, indeed, could not be determined until after birth; that neither an omphalocele nor gastroschisis could be detected from the November 10, 1992 sonogram; that even if an omphalocele or gastroschisis should have been detected, those defects are not associated with Cornelia de Lange Syndrome, and thus would not have led to a diagnosis thereof; that the scope of the November 10 sonogram met or exceeded the applicable standard of care, and was timely and correctly interpreted as suggesting an allantoic cyst that is usually of no clinical significance but may warrant additional sonographic testing if needed to confirm normal fetal interval growth and development; and that after the November 10 sonogram, it was for defendant obstetrician to monitor growth and decide whether and when further sonograms were needed, and that defendant radiologist was under no duty to order further sonograms (*see, Yasin v Manhattan Eye, Ear & Throat Hosp.*, 254 AD2d 281). Defendants' submissions also showed, prima facie, that defendant obstetrician conveyed the results of defendant radiologist's report to plaintiff mother, and regularly examined her and the baby for evidence of fetal growth retardation. These submissions were sufficient to satisfy defendants' initial evidentiary burden as proponents of motions for summary judgment, and thus required plaintiffs to come forward with evidentiary facts sufficient to raise an issue of fact as to defendants' malpractice. In opposition, plaintiffs, abandoning the theory that the sonogram

indicated Cornelia de Lange Syndrome, submitted an expert's affidavit opining that the November 10 sonogram did not show an allantoic cyst but rather what "appears to be" a herniated disc adjacent to, not within, the umbilical cord, that "in all probability * * * represents some sort of significant fetal defect," and indicates a "good probability of other undetected related congenital defects." This was fairly characterized by the motion court as "nebulous and conclusory," and insufficient to raise an issue of fact as to whether the sonogram should have been cause for concern about abnormalities (see, Fileccia v Massapequa Gen. Hosp., 99 AD2d 796, affd 63 NY2d 639; Horth v Mansur, 243 AD2d 1041; Margolese v Uribe, 238 AD2d 164). Plaintiffs' motion to renew was properly denied as improperly based on nothing more than the affidavits of newly retained experts (see, Welch Foods v Wilson, 247 AD2d 830; Bossio v Fiorillo, 222 AD2d 476). In any event, were we to grant renewal, we would adhere to the initial grant of defendants' motions on the ground that plaintiffs' expert opinion continues to be conclusory. Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Friedman, JJ.