■ MARGARET E. ENGEL et al., Respondents, v MATTHEW T. EICHLER et al., Defendants, and HUDSON VALLEY HOSPITAL CENTER, Appellant. [753 NYS2d 109] —In an action to recover damages for personal injuries, etc., the defendant Hudson Valley Hospital Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 16, 2002, as, upon renewal, denied that branch of its motion which was for summary judgment dismissing the first through 10th and 16th through 20th causes of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, that branch of the motion of the defendant Hudson Valley Hospital Center which was for summary judgment dismissing the first through 10th and 16th through 20th causes of action insofar as asserted against it is granted, and those causes of action are dismissed insofar as asserted against that defendant.

This action arises from an automobile accident in which the defendant Mark B. Felder, an unlicensed and inexperienced driver, lost control of his vehicle on a patch of ice while driving in a parking lot owned by the defendant Hudson Valley Hospital Center (hereinafter HVHC), and crashed into a parked car, injuring the plaintiff Margaret E. Engel. At the time, the parking lot was undergoing renovation and HVHC had hired E.W. Howell Co., Inc. (hereinafter Howell), as construction manager on the project. The plaintiffs alleged, inter alia, a failure to properly design and install traffic control devices in the lot. By order dated October 16, 2000, the Supreme Court denied the separate summary judgment motions of Howell and HVHC. On appeal by Howell and another defendant to this Court, we modified the order, and, as relevant to this appeal, dismissed all the claims against Howell (*see Engel v Eichler,* 290 AD2d 477). We determined the conduct of the motorist to be "an unforeseeable event which breaks the causal connection between any defective design or maintenance of the premises and the plaintiffs' injuries" (*Engel v Eichler, supra* at 480).

HVHC then moved, inter alia, for leave to renew its motion for summary judgment dismissing the identical negligent design and maintenance causes of action, arguing that this court's determination on the issue of proximate cause was the law of the case and that the plaintiffs were precluded from

litigating it again. The Supreme Court denied that branch of the motion, and HVHC appeals. We reverse.

The doctrine of law of the case addresses the preclusive effect of judicial determinations made in the course of a litigation before final judgment is entered. Preclusion under the doctrine necessarily requires that the parties had a full and fair opportunity to litigate the initial determination (*see People v Evans,* 94 NY2d 499, 502; *see also Lipovsky v Lipovsky,* 271 AD2d 658).

In the prior appeal we found that the motorist's actions were an unforeseeable and superseding event which severed the causal connection between the alleged design and maintenance defects and the injuries. The allegations of the complaint relating to defective design and maintenance are identical against all the parties, and, therefore, the issue of proximate cause was decided on facts common to all the defendants (*see Gould v International Paper Co.,* 223 AD2d 964). Since the plaintiffs had a full and fair opportunity to litigate this issue, they are precluded from relitigating it against HVHC. Accordingly, the causes of action alleging a failure by HVHC to design and install traffic control devices and speed bumps must be dismissed (*see Gould v International Paper Co., supra*). Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.