■ BOBBY BRADLEY, Respondent, v SOUNDVIEW HEALTH-CENTER, Defendant, and ROBERT LoCASTRO, D.P.M., Appellant. [772 NYS2d 56]—

Order, Supreme Court, Bronx County (Alan Saks, J.), entered March 26, 2003, which denied defendant LoCastro's motion for summary judgment, unanimously affirmed, without costs.

There is a triable issue of fact as to the proximate cause of plaintiff's injury. Conflicting expert affidavits raise issues of fact and credibility that cannot be resolved on a motion for summary judgment (*see Morris v Lenox Hill Hosp.*, 232 AD2d 184 [1996], *affd* 90 NY2d 953 [1997]). The fact that plaintiff did not have an infected toe on his last visit to defendant-appellant, and that the latter did nothing, in the view of his expert, that might

have caused the injuries, does support a prima facie case of entitlement to summary judgment based on no negligent treatment. However, the affidavit of plaintiff's expert sufficiently raised genuine issues of material fact concerning the level of treatment required for diabetic patients, and whether this defendant deviated from that accepted level of care, proximately causing plaintiff's injuries.

With regard to the claim for lack of informed consent, we note that the motion was supported only by counsel's statement that inasmuch as an expert had concluded the treatment rendered was not the proximate cause of the alleged injuries, the claim could not be sustained. However, appellant's expert never addressed this claim in his affidavit. Since appellant never did set forth a prima facie entitlement to summary judgment on this issue as a matter of law, the burden never shifted to plaintiff to come forward with evidence to refute this defense (*cf. Giberson v Panter*, 286 AD2d 217 [2001], *lv denied* 97 NY2d 606 [2001]). Concur—Nardelli, J.P., Saxe, Williams and Marlow, JJ.