■ AVALON, LLC, Respondent, v CORONET PROPERTIES COMPANY et al., Defendants, and DERFNER AND MAHLER, LLP, et al., Appellants. [791 NYS2d 530]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 18, 2004, which denied the attorney defendants' motion to dismiss plaintiff's fraudulent conveyance claims on the grounds they were barred by the statute of limitations, unanimously reversed, on the law, with costs, the motion granted and the remaining fraud causes of action against those defendants dismissed. The Clerk is directed to enter judgment accordingly.

On April 14, 1994, defendant Coronet Properties entered into an agreement with the other defendants which, inter alia, assigned Coronet's right to any net proceeds from settlement of litigation with the Federal Deposit Insurance Corporation (FDIC) to certain "professionals" providing ongoing services to Coronet and to defendant Wellington Sales. Among such professionals were the attorney defendants Derfner and Mahler, LLP, Donald Derfner and Peter Mahler (collectively, D&M), and Michael B. Doyle, P.C., and Michael B. Doyle (collectively, Doyle), as well as Mitchell H. Gordon.

In March 1996, plaintiff became the assignee of a $3 million judgment against Coronet. In September 1996, the FDIC litigation was settled and $4 million was paid pursuant to the 1994 Coronet assignment. The net proceeds of this settlement were used, inter alia, to pay the professionals, with D&M and Doyle receiving legal fees of $400,000 and $150,000, respectively.

Plaintiff filed its complaint in May 2001, seeking to recover the monies paid to the professionals, alleging such transfers

were fraudulent conveyances under sections 272, 273, 276, 277 and 278 of the Debtor and Creditor Law. Defendants Gordon and Wellington moved, inter alia, to dismiss plaintiff's claims as time-barred. Supreme Court denied this motion, persuaded by plaintiff's argument that the "closing" of the 1994 assignment agreement occurred in 1996 when the professionals were actually paid. Thus, the motion court found a factual issue existed as to when plaintiff's claims accrued, and therefore held such claims may have been timely brought within the six-year limitations period. Gordon and Wellington appealed this ruling.

In June 2003 this Court reversed (306 AD2d 62 [2003], *lv denied* 100 NY2d 513 [2003]), holding plaintiff's causes of action for fraud were time-barred. We found that since the April 14, 1994 agreement conveyed all of Coronet's interest in any FDIC settlement, plaintiff's fraud claims vested at such time. Therefore, the six-year limitations period expired prior to the commencement of this action in 2001. Furthermore, since the payments to the professionals in 1996 did not create the right to payment, such payments could not restart the limitations period.

In October 2003, D&M and Doyle moved to dismiss all of plaintiff's fraud claims, arguing that this Court's prior decision established, as law of the case, that such fraud claims were time-barred. In denying the motion, that court found the law of the case doctrine inapplicable because these attorney defendants were not signatories to the 1994 agreement and because they had not shown how plaintiff, Coronet or Wellington could have asserted a claim against them as early as April 14, 1994.

Plaintiff's fraud causes of action against D&M and Doyle should have been dismissed because they are time-barred. As this Court previously held, the six-year limitations period began to run on April 14, 1994, when Coronet assigned all of its interest in any FDIC settlement, and thus it expired prior to the commencement of this action. This prior holding constitutes the law of the case that is binding upon plaintiff and applicable to D&M and Doyle because they are in the identical position as defendant Gordon (against whom this Court dismissed the same claims); both were expressly defined as professionals in the 1994 agreement. The fact that D&M and Doyle did not sign the 1994 agreement is immaterial since they were among the professionals whose rights vested on the assignment agreement date.

Finally, the motion court's observation that neither plaintiff, Coronet nor Wellington could have asserted claims against D&M and Doyle as of April 14, 1994, misses the point. Any claims possessed by Coronet or Wellington are irrelevant, as this case

involves transfers that allegedly defrauded plaintiff as a judgment creditor of Coronet. As to plaintiff, it or its assignor could have sued Coronet to set aside the conveyances to D&M and Doyle or otherwise restrain Coronet from disposing of its property in April 1994. Similarly, plaintiff or its assignor could have sought injunctive relief barring these defendants from accepting any distributions made pursuant to the agreement in 1994. Thus, any fraud claim arose at such time and is now time-barred. We have examined the other contentions made by plaintiff and find them to be without merit. Concur—Friedman, J.P., Marlow, Sweeny and Catterson, JJ.