■ Christopher Spierer et al., Appellants, v Bloomingdale's, a Division of Federated Department Stores, Inc., et al., Defendants, and Simmons, USA, Respondent. [873 NYS2d 66]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about January 3, 2008, which, upon renewal, granted the motion of defendant Simmons to dismiss the complaint as against it, unanimously affirmed, with costs.

This is a personal injury/products liability action alleging injury from exposure to toxic chemicals in bedding manufactured by defendant Simmons and purchased from defendant Bloomingdale's. The court properly applied the law of the case doctrine (*People v Evans*, 94 NY2d 499, 504 [2000]; *Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]) in dismissing the claims against Simmons based on this Court's earlier dismissal of the claims against Bloomingdale's for lack of a defect and proximate cause (43 AD3d 664 [2007], *lv denied* 10 NY3d 705 [2008]).

Renewal was warranted because dismissal of the action against Bloomingdale's constituted a change in the law (CPLR 2221 [e] [2])—i.e., a new pronouncement of the law governing this case (*see Avalon, LLC v Coronet Props. Co.*, 16 AD3d 209,

210 [2005]; *Engel v Eichler*, 300 AD2d 622 [2002]). Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Renwick, JJ.