■ VICTORIA DAVID, Appellant, v NARENDRALALL PERSAUD, D.O., et al., Defendants, and PHILIP MARTIN HUTCHISON, D.O., et al., Respondents. [23 NYS3d 213]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about September 5, 2014, which granted defendant Philip Martin Hutchison, D.O.'s motion and St. Barnabas Hospital's cross motion to renew their motions for summary judgment, and upon renewal, dismissed the complaint, unanimously affirmed, without costs.

In this action for medical malpractice, plaintiff alleges, inter alia, that defendant Dr. Daniel Cerbone, an emergency room (ER) attending, and Dr. Philip Martin Hutchinson, a surgeon, failed to properly diagnose and treat a postoperative infection allegedly sustained by plaintiff's decedent during a January 18, 2003 ER visit at defendant St. Barnabas Hospital. Plaintiff alleges that complications from this infection led to decedent's death on February 9, 2004, more than one year later.

In 2013, the motion court denied all defendants' motions and cross motions for summary judgment dismissing the complaint. Dr. Cerbone appealed, and this Court reversed as to him on the ground that, inter alia, "plaintiff's expert failed to causally relate the alleged four-day delay in diagnosis and treatment of the postoperative infection and/or liver abscesses to decedent's death" (114 AD3d 412, 413 [1st Dept 2014]).

The court properly applied the law of the case doctrine (*J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809 [2d Dept 2007]). Renewal of defendants' motion and cross motion for summary judgment was also proper, since dismissal of the complaint as against Dr. Cerbone constituted a change in the law (*see* CPLR 2221 [e] [2]; *Spierer v Bloomingdale's*, 59

AD3d 267 [1st Dept 2009], *lv denied* 13 NY3d 713 [2009]; *Engel v Eichler*, 300 AD2d 622, 623 [2d Dept 2002]). While plaintiff argued that the expert submissions constituted new evidence precluding application of law of the case (*see Holloway v Cha Cha Laundry*, 97 AD2d 385, 386 [1st Dept 1983]), her "renewal" arguments were based on information already known to her (*see Keating v Town of Burke*, 105 AD3d 1127, 1128 [3d Dept 2013]), and were "nothing more than the [affirmation and affidavit] of newly retained experts" (*Giberson v Panter*, 286 AD2d 217, 218 [1st Dept 2001], *lv denied* 97 NY2d 606 [2001]; *McDermott v New York Hosp.-Cornell Med. Ctr.*, 42 AD3d 346, 346 [1st Dept 2007]). Concur—Tom, J.P., Sweeny, Richter and Manzanet-Daniels, JJ.