■ KARLO MORATO-RODRIGUEZ, Appellant, v RIVA CONSTRUCTION GROUP, INC., Defendant, and 1412 BROADWAY, LLC, et al., Respondents. [46 NYS3d 882]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered July 21, 2016, which, to the extent appealed from as limited by the briefs, granted defendant 1412 Broadway, LLC's (Broadway) motion to renew plaintiff's motion for partial summary judgment on the issue of Broadway's liability, and, upon renewal, denied plaintiff's motion, unanimously affirmed, without costs.

In a prior appeal brought by defendant Admit One, LLC from an order that, among other things, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim as against Broadway and Admit One, this Court, among other things, modified the order to deny plaintiff's motion (115 AD3d 401 [1st Dept 2014]). Broadway, which did not appeal from the motion court's original order, moved to renew plaintiff's motion as against it, arguing that plaintiff's motion should be denied as against it, based on this Court's prior order.

The motion court properly granted Broadway's motion to renew, since this Court's prior order "constituted a change in the law" (*David v Persaud*, 135 AD3d 530, 530 [1st Dept 2016]; *Spierer v Bloomingdale's*, 59 AD3d 267, 267 [1st Dept 2009], *lv denied* 13 NY3d 713 [2009]; *see also* CPLR 2221 [e] [2]). Upon renewal, the motion court properly denied plaintiff's motion as to Broadway, based on the "law of the case" doctrine (*Persaud*, 135 AD3d at 530; *Spierer*, 59 AD3d at 267).

The rule of *Hecht v City of New York* (60 NY2d 57 [1983]) does not bar Broadway from seeking renewal (*see Koscinski v St. Joseph's Med. Ctr.*, 47 AD3d 685, 685-686 [2d Dept 2008]). Nor is the doctrine of res judicata applicable (*see generally Collins v Bertram Yacht Corp.*, 42 NY2d 1033, 1034 [1977]). "[A] motion for leave to renew is not subject to any particular time constraints" (*Ramos v City of New York*, 61 AD3d 51, 54 [1st Dept 2009]), and plaintiff fails to show any prejudice resulting from Broadway's delay in making the motion. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.