Jason V. v Katarina W. (2019 NY Slip Op 07664)





Jason V. v Katarina W.


2019 NY Slip Op 07664


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

527563

[*1]Jason V., Appellant,
v
Katarina W., Respondent.

Calendar Date: September 5, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Blatchly & Simonson, PC, New Paltz (Jon A. Simonson of counsel), for appellant.
Wapner, Koplovitz & Futerfas, PLLC, Kingston (Joshua N. Koplovitz of counsel), for respondent.



Devine, J.
Appeals (1) from an order of the Supreme Court (McGinty, J.), entered January 11, 2016 in Ulster County, which, among other things, denied plaintiff's motion to renew and stayed the action, and (2) from an amended order of said court (Fisher, J.), entered April 23, 2018 in Ulster County, which, among other things, denied plaintiff's motion to renew and stayed the action.
The parties were married in New York and have two children (born in 2002 and 2005). The couple separated in 2013 while living in the Slovak Republic and, later that year, defendant (hereinafter the wife) commenced a divorce action there. The wife separately obtained an ex parte order from a Slovak court that awarded her temporary custody of the children, directed plaintiff (hereinafter the husband) to pay child support and barred him from removing the children from the country without her consent (hereinafter the temporary order). The husband appealed and, in 2014, the Regional Court in Bratislava affirmed the temporary order in relevant part. The husband appealed that decision to the Supreme Court of the Slovak Republic.
The husband's appeal to the Slovak Supreme Court was pending when he commenced this divorce action and returned to New York with the children. Supreme Court (McGinty, J.) thereafter issued an order granting the wife's application, made pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A [hereinafter UCCJEA]) and consolidated with this action, for enforcement of the temporary order and a direction that the children be returned to her. Supreme Court also issued an order granting the wife an award of counsel fees and costs related to that application (see Domestic Relations Law § 77-k).
The husband did not perfect an appeal from either of those orders. Instead, when the Slovak Supreme Court annulled the 2014 decision and remitted the matter to the Regional Court for further proceedings, he moved for renewal of the wife's enforcement application. In 2016, Supreme Court (McGinty, J.) denied that motion and stayed the New York divorce action to await developments in the Slovak courts. The stay was lifted in 2017 so that the parties could litigate the enforceability of the order awarding counsel fees and costs to the wife, and the husband again moved for renewal. In 2018, Supreme Court (Fisher, J.) denied that motion and reinstated the stay. The husband appeals from the 2016 and 2018 orders.
We affirm. "A motion to renew must be based on new facts not previously offered that would change the prior determination and must contain a reasonable justification for the failure to present such facts on the original motion" (Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1574 [2019] [citations omitted]; see CPLR 2221 [e]; Mula v Mula, 151 AD3d 1326, 1327 [2017]). The husband opposed the wife's enforcement application by arguing, as is pertinent here, that it was ex parte and that the UCCJEA " does not govern the enforceability of a child custody determination made without notice or an opportunity to be heard" (Domestic Relations Law § 76-d [2]). Supreme Court (McGinty, J.) disagreed and issued an enforcement order, determining that the husband's appeal from the temporary order afforded him an opportunity to be heard.[FN1] The Slovak Supreme Court thereafter annulled the decision of the Regional Court and remitted so that the husband could receive English translations of certain documents to which he was entitled and have a full opportunity to prosecute his appeal. Contrary to the wife's contention, this subsequent legal development could potentially warrant renewal (see CPLR 2221 [e] [2]; Spierer v Bloomingdale's, 59 AD3d 267, 267 [2009], lv denied 13 NY3d 713 [2009]).
With regard to the 2016 order, Supreme Court (McGinty, J.) denied the husband's first renewal motion and stayed the proceedings before it to await further developments in the Slovak courts. Inasmuch as Supreme Court was advised that the husband's appeal before the Regional Court was pending and that there was ongoing activity in the preexisting Slovak divorce proceeding (see Concord Assoc., L.P. v EPT Concord, LLC, 101 AD3d 1574, 1575 [2012]; Canadian Imperial Bank of Commerce v Commonwealth Ins. Co., 19 AD3d 211, 212 [2005]), and noting the lack of detail as to how the Regional Court's delay in hearing the husband's appeal deprived him of the opportunity to be heard that justified enforcement of the temporary order (see CPLR 2221 [e] [2]), we cannot say that Supreme Court abused its discretion in doing either. As for the second renewal motion that led to the 2018 order, the husband failed to point to any new developments "that would change the prior determination" and, indeed, acknowledged that the Regional Court had again upheld the temporary order in relevant part and that a Slovak divorce judgment had been issued and was being appealed by both parties (CPLR 2221 [e] [2]). Thus, Supreme Court (Fisher, J.) did not abuse its discretion in denying that motion and reinstating the stay.
ORDERED that the order and amended order are affirmed, without costs.
Garry, P.J., Lynch and Mulvey, JJ., concur.



Footnotes

Footnote 1: The husband did not perfect his appeal from the enforcement order. The husband did challenge the rationale for the order in his renewal motions, but those challenges were not based upon new facts and constituted requests for reargument, the denials of which were not appealable (see CPLR 2221 [d] [2]; [e] [2]; 5701 [a] [2] [viii]; DeMaille v State of New York, 166 AD3d 1405, 1408 [2018]; Prime Income Asset Mgt., Inc. v American Real Estate Holdings L.P., 82 AD3d 550, 551 [2011], lv denied 17 NY3d 705 [2011]). We accordingly take no position on the merits of the enforcement order and limit our discussion to the new developments that the husband claims warranted renewal.