Diaz v NYU Langone Med. Ctr. (2021 NY Slip Op 01553)





Diaz v NYU Langone Med. Ctr.


2021 NY Slip Op 01553


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 805636/15 Appeal No. 13380 Case No. 2020-02892 

[*1]Yolanda Diaz, as Parent and Natural Guardian of A.E., an Infant, Plaintiff-Appellant,
v
NYU Langone Medical Center, Defendant-Respondent.


The Fitzgerald Law Firm, P.C., Yonkers (Mitchell Gittin of counsel), for appellant.
Aaronson, Rappaport, Feinstein & Deutsch, LLP, New York (Deirdre E. Tracey of counsel), for respondent.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 23, 2019, dismissing the complaint, and bringing up for review an order, same court and Justice, entered November 14, 2019, which granted defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the judgment vacated, the motion denied, and the complaint reinstated.
In this medical malpractice action, plaintiff claims that testing for infection was indicated on January 16 or 17, 2012 when the premature infant's blood panels showed an elevated white blood cell count, elevated bands, and depressed neutrophils, and that defendant's delay in testing for infection on those days caused the infant's bacterial Serratia marcescens infection to go undiagnosed and thus, untreated, until January 25, 2012, resulting in brain abscesses that caused autism, cognitive deficits, and developmental delays.
Defendant moved for summary judgment arguing, as relevant here, that the infant could not been infected with Serratia as early as January 16 or 17, and it was not the standard of care to test for sepsis given the infant's overall stable clinical presentation. In support, defendant's expert pediatrician, Dr. Lorry Rubin, asserted that an extremely premature infant such as A.E. would decompensate within two to three days of becoming infected with Serratia and it was undisputed that the infant remained stable until January 25. Dr. Rubin further asserted that if the infant had been infected with Serratia on January 16 and 17, her abnormal blood counts could not have resolved without antibiotics as they did.
In opposition, plaintiff's expert neonatologist, Dr. Jeffrey Karsdon, asserted that it was a deviation from g0od and accepted medical practice when no sepsis workup of the infant was done in response to the elevated immature / total neutrophil ratio observed on January 16 and the abnormally low absolute neutrophil count observed on January 17. He opined that the Serratia marcescens would have been discovered before the infant had respiratory distress on January 25 if the sepsis workup had been done. Dr. Karsdon explained that it takes a minimum of eight days after bacteria has seeded in the brain for that bacteria to form a brain abscess and that the stage before an abscess forms, cerebritis, is consistent with the infant remaining asymptomatic for "several days at least." He also asserted that the imaging of the infant's brain on January 30 and 31, which showed brain abscesses, was consistent with the Serratia having "seed[ed] brain tissue over the course of approximately a week to 10 days." Dr. Karsdon further asserted that the infant's normal blood counts on January 23 did not rule out infection, they only suggested that the infant's immune system had kicked in and had not been overwhelmed yet. He explained that bandemia, which presents as elevated I:T ratio, frequently presents a U-shaped curve, with bands first becoming elevated and then normalizing [*2]as the body mounts an inflammatory response to infection.
These dueling expert opinions raise issues of fact and credibility that cannot be resolved on a motion for summary judgment (Bradley v Soundview Healthcenter, 4 AD3d 194, 194 [1st Dept 2004]). According to Dr. Karsdon's timeline, the infant could have become been infected with Serratia on January 17 but remained asymptomatic until January 25, assuming that cerebritis or seeding lasted eight days. The brain abscesses could have formed on January 25 when the infant became symptomatic. Contrary to defendant's assertion, the fact that the infant's brain abscesses were first seen via imaging on January 30 does not establish that they formed on that day. The motion court should not have accepted Dr. Rubin's interpretation of the imaging from January 31 and February 9 to establish the age of the infant's brain abscesses because the corresponding reports do not specify the age of the brain abscesses and Dr. Rubin first interpreted those reports in a reply affirmation, which plaintiff was unable to counter. To the extent that Dr. Rubin claimed that Dr. Karsdon's statement that it takes eight days for a bacterial infection to cause a brain abscess was unsupported by the scientific community, that claim goes to credibility, which is not considered on a motion for summary judgment. Contrary to defendant's contention, Dr. Karsdon sufficiently addressed the fact that the infant's clinical picture remained normal between January 16 and January 25 by asserting that the infant could have been infected, but asymptomatic during that time.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021