Santullo v Chen (2021 NY Slip Op 03535)





Santullo v Chen


2021 NY Slip Op 03535


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Index No. 25552/14E Appeal No. 13993 Case No. 2020-03196 

[*1]Pasquale Santullo et al., Plaintiffs-Respondents,
v
Tony K. Chen, D.D.S., et al., Defendants-Appellants, Eric M. Genden, M.D., et al., Defendants.


Furman Kornfeld & Brennan, New York (Irina Zamyatin of counsel), for appellants.
Silver & Kelmachter, LLP, New York (Damon J. Velardi of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about January 16, 2020, which denied defendants Tony K. Chen, D.D.S. and Tony K. Chen, D.D.S., P.C.'s motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiffs allege that Dr. Chen and his practice committed dental malpractice between June 4, 2012 and October 5, 2012 when Dr. Chen failed to refer plaintiffs' decedent to an oral surgeon for biopsy of a 2 cm gingival lesion. The lesion was ultimately determined to be cancerous and was surgically removed. At the time of surgery, the lesion was T2. Plaintiffs claim that Dr. Chen's failure to refer decedent to an oral surgeon caused the lesion to go undiagnosed and untreated, thus advancing from T1 to T2. The motion court denied Dr. Chen and his practice's motion for summary judgment, determining that plaintiffs' expert raised issues of fact as to departure from the standard of care and proximate cause.
Plaintiffs' expert raised a limited issue of fact as to departure from the standard of care. We reject plaintiffs' expert's opinion that Dr. Chen departed from good and accepted dental practice when he failed to refer decedent to an oral surgeon for biopsy between June 15, 2012 and October 5, 2012. Plaintiffs' expert failed to address the evidence showing that Dr. Chen referred decedent to a periodontist on each visit between June 15, 2012 and October 5, 2012, and that his note on June 15, 2012 explicitly stated that the referral was for decedent's lesion (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]; Vargas v St. Barnabas Hosp., 168 AD3d 596, 597 [1st Dept 2019]). However, plaintiffs' expert opinion that Dr. Chen departed from the good and accepted standard of dentistry when he failed to refer decedent to an oral surgeon for biopsy when she first presented with the lesion on June 4, 2012 raised a triable issue, as it sufficiently countered the opinion set forth by Dr. Chen and his practice's expert, who did not address Dr. Chen's failure to make a referral on June 4, 2012 (see generally Bradley v Soundview Healthcenter, 4 AD3d 194, 194-195 [1st Dept 2004]).
Plaintiffs' expert also raised an issue of fact as to proximate cause. The parties' experts presented conflicting opinions as to whether decedent presented to Dr. Chen with a T1 or T2 lesion on June 4, 2012. Assuming that decedent initially presented to Dr. Chen with a T1 lesion, plaintiffs' expert raised an issue of fact as to when the lesion advanced from T1 to T2 after June 4, 2012. The record does not contain explicit measurements of decedent's lesion after June 4, 2012 and the doctors who treated decedent after Dr. Chen inconsistently categorized the lesion. Notably, a physician categorized the lesion as T2 or T4a in January 2013, but then in March 2013, another physician categorized the lesion as T1. On this record, plaintiffs' expert's opinion that decedent presented with a T1 lesion which [*2]developed into a T2 lesion sometime after June 4, 2012 is sufficient to raise an issue of fact as to whether Dr. Chen's delayed referral resulted in the advancement of decedent's lesion, necessitating more invasive treatment. We have considered Dr. Chen and his practice's remaining arguments regarding proximate cause and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021