Lassala v Russell (2021 NY Slip Op 06952)





Lassala v Russell


2021 NY Slip Op 06952


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Index No. 453086/17 Appeal No. 14839 Case No. 2020-03993 

[*1]Janet Lassala Administrator of the Estate of Basilio Montilla, Deceased, Plaintiff-Respondent,
v
Stephen Russell, M.D., et al., Defendants-Appellants.


James E. Johnson, Corporation Counsel, New York (Claibourne Henry of counsel), for appellants.
Deutsch Law, PC, Scarsdale (Laurence M. Deutsch of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered July 30, 2020, which to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint in its entirety, unanimously affirmed, without costs.
The motion court properly denied defendants' motion for summary judgment as to the claims which are the subject of this appeal on the ground that there are issues of fact regarding whether defendants departed from good and accepted medical practice in their treatment of decedent and whether defendants' departures proximately caused decedent harm (see generally Roques v Noble, 73 AD3d 204, 206-207 [1st Dept 2010]; Bradley v Soundview Healthcenter, 4 AD3d 194, 194 [1st Dept 2004]).
As an initial matter, there are issues of fact as to whether defendants' treatment of decedent's falling sodium levels on October 22 and 23, 2015 was a departure from good and accepted medical treatment. Defendants' expert opined that defendants' weaning of decedent off hypertonic saline on October 21, 2015, which was 72 hours after the injury, was consistent with the standard of care, that defendants were able to properly adjust the saline infusion rate, that when decedent's sodium level dropped below the normal range on the morning of October 23rd, the rate of saline was properly increased and that decedent did not exhibit any symptoms of acute neurological issues as he was weaned off saline. However, plaintiff's expert sufficiently countered such assertions by opining that defendants' response to decedent's sodium level in the early morning of October 23rd was too little too late, that the infusion rate was not adequately increased on the morning of October 23rd because after the increase, decedent's sodium level continued to drop and no action was taken in response and that observations of decedent's physical and mental condition could not be relied on to rule out dropping sodium levels.
Further, there are issues of fact as to whether defendants' delay in administering mannitol and intervening surgically was a departure from good and accepted medical practice in their treatment of decedent. Although defendants assert that they could not have administered mannitol or performed surgery earlier because they needed to respect the wishes of decedent's family, there is no evidence that defendants delayed administering mannitol or performing surgery to consult with decedent's family. Moreover, the record makes clear that emergency measures were required to relieve decedent's intracranial pressure and defendants' expert did not opine that under those circumstances, defendants were required to obtain consent before administering mannitol or operating on decedent.
There are also issues of fact as to whether decedent's deterioration was proximately caused by defendants' departure from good and accepted medical practice. Although defendants' expert opined that decedent's deterioration was caused by increased [*2]intracranial pressure brought on by a seizure, plaintiff's expert opined that decedent's deterioration was caused by increased intracranial pressure brought on by low sodium levels which defendants failed to correct and defendants have not articulated any basis for rejecting plaintiff's expert's opinions on causation. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021