Network-1 Tech., Inc. v Netgear, Inc. (2024 NY Slip Op 00870)

Network-1 Tech., Inc. v Netgear, Inc.

2024 NY Slip Op 00870

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 657022/20 Appeal No. 1697 Case No. 2023-04807 

[*1]Network-1 Technologies, Inc., Plaintiff-Appellant,
v
Netgear, Inc., Defendant-Respondent.

Schlam, Stone & Dolan LLP, New York (Angela Li of counsel), and Dovel & Luner, LLP, Santa Monica, CA (Gabriel Zachiah Doble of the bar of the State of California, admitted pro hac vice of counsel), for appellant.
Wilson Sonsini Goodrich & Rosati, P.C., New York (Lucy Yen of counsel), and Wilson Sonsini Goodrich & Rosati, P.C., Palo Alto, CA (Matthew R. Reed of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on August 28, 2023, which granted defendant's cross-motion for summary judgment dismissing the complaint and denied plaintiff's motion for summary judgment dismissing defendant's counterclaims, unanimously modified, on the law, to grant plaintiff's motion to dismiss the counterclaims to the extent based on contracts involving Cisco Systems, Inc., and Extreme Networks, Inc., and otherwise affirmed, without costs.
Plaintiff and defendant entered into a patent license agreement effective April 1, 2009, under which defendant obtained a license to a patent owned by plaintiff relating to power over ethernet technology (the agreement). In exchange, defendant agreed to pay plaintiff royalties on its related products. Defendant's obligation to pay royalties could be terminated if a third party's power over ethernet products were found not to infringe upon plaintiff's patent by a court of competent jurisdiction (a noninfringement finding). The agreement stated that "[i]f the parties disagree with the effect the ruling has on [defendant's] obligation to pay royalties under this [a]greement, the parties may submit the issue" to an agreed-upon mediator followed, if necessary, by binding arbitration.
On November 13, 2017, in a patent infringement lawsuit brought by Network-1 against Hewlett-Packard Company (HP) in federal district court, a jury found that HP's use of power over ethernet products did not infringe on plaintiff's patent. Several months later, defendant notified plaintiff that the verdict constituted a noninfringement finding, so defendant intended to cease making royalty payments under the agreement. Plaintiff contended that the verdict in the federal case did not relieve defendant of its obligation to pay because it was not a court order or final judgment, and after pending post-trial motions, the judge could issue an order that may or may not apply to defendant's products. Defendant disputed those contentions and ultimately stopped paying royalties, without submitting the issue to mediation or arbitration. On September 24, 2020, after the patent had expired and the agreement terminated, the Federal Circuit Court vacated the HP judgment and remanded the case for a new trial (see Network-1 Tech., Inc. v Hewlett-Packard Co., 976 F3d 1301, 1308 [Fed Cir 2020], op mod and superseded, 981 F3d 1015 [Fed Cir 2020]). Shortly afterwards, plaintiff commenced this action alleging that defendant had breached the agreement by failing to pay royalties without first obtaining an arbitration award.
The language in the agreement did not require the parties to submit to arbitration to determine whether a noninfringement finding applied to defendant's products (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; Duane Reade, Inc. v Cardtronics, LP, 54 AD3d 137, 140 [1st Dept 2008]). The court correctly construed this language as permissive, allowing either party to freely submit any perceived [*2]dispute over the issue to mediation or potentially arbitration, but not requiring defendant to obtain an arbitration award before suspending royalty payments (cf. Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 2 NY3d 249, 254-255 [2004]).
Further, the court properly relied upon plaintiff's conduct and stipulations to determine that there was never any dispute over the applicability of the HP verdict to defendant's products (see DMF Gramercy Enters., Inc. v Lillian Troy 1999 Trust, 123 AD3d 210, 213 [1st Dept 2014]). Once the federal district court issued a final judgment in the HP case, plaintiff provided defendant with notice of a noninfringement finding. Plaintiff never contended that the finding did not apply to defendant's products nor demanded that defendant resume paying royalties. Additionally, plaintiff did not initiate arbitration and only brought an action for breach of contract after the Federal Circuit Court vacated the judgment. When defendant ultimately filed an arbitration, plaintiff stipulated that the judgment was an applicable noninfringement finding and argued that any arbitration would therefore be moot.
With respect to defendant's counterclaims, plaintiff entered into contracts with Cisco and Extreme that defendant now alleges breached the most-favored-licensee clause of the agreement more than six years before this action was commenced, so those counterclaims are barred by the statute of limitations (see CPLR 213[2]; Kronos, Inc. v AVX Corp., 81 NY2d 90, 93-94 [1993]). There was no continuing wrong with respect to either of those two contracts committed within the applicable statute of limitations (see Henry v Bank of Am., 147 AD3d 599, 601-602 [1st Dept 2017]). However, a triable issue of fact exists as to whether plaintiff breached a most-favored-licensee provision in the agreement by entering into a contract with ShoreTel in 2015 as plaintiff and defendant submitted expert reports proffering conflicting opinions regarding the applicable royalty rates (see Bradley v Soundview Healthcenter, 4 AD3d 194, 194 [1st Dept 2004]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024